GREGORY *vs.* THE STATE OF GEORGIA.

1. Though barely sufficient, the evidence did in fact and in law warrant a verdict of guilty.
2. The newly-discovered evidence does not justify the grant of a new trial. There was lack of diligence in not having it at the trial, and moreover, it goes to no fact which is inconsistent with the case proved, or with the guilt of the accused.

3. Witnesses with the best opportunity of knowing the facts are not to be believed in preference to other witnesses merely because of their superior opportunity, other conditions, such as general credibility, etc., not being equal. With equality in other respects, their better opportunity entitles them to be preferred.

March 3, 1888.

Criminal law. Evidence. Verdict. New trial. Witness. Before Judge BROWN. Cobb superior court. March term, 1887.

Reported in the decision.

J. E. MOZLEY, for plaintiff in error.

GEORGE F. GOBER, solicitor-general and J. B. ALEXANDER, for the State.

BLECKLEY, Chief Justice.

This is a case of considerable doubt; but our best opinion is, that the judgment should be affirmed. The conviction was chiefly upon tracks ; and the peculiarity of the case is, that the jury, on the voluntary exhibition of the accused, had an opportunity to see what sort of track he made. There was a box of sand brought before the jury, and he and those of his kindred who it was said made similar tracks, put their feet in the sand ; and the jury saw what was the peculiarity of his tracks, and that peculiarity had been testified to by two or more witnesses, and the track had been traced from the house where the burglary had been committed into the woods along a road into the neighboring country. And after all this scrutiny the jury found a verdict of guilty, and the presiding judge was satisfied with that finding, and we are not prepared to say that there was error. And yet the case is not altogether satisfactory.

In addition to the tracks, there was some little confirmation by reason of a piece of wrapping paper that was found where the culprits, whoever they were, had stopped

in the road; and this wrapping paper corresponded in quality with the paper in which a deck of cards, found in the prisoner's pocket when he was arrested, was wrapped up. The correspondence was only in quality; although it appeared that there had been a piece torn off of the paper which wrapped the cards. It was not in evidence that the piece found in the road corresponded in its edge or border where torn off, with the shape of the missing piece from the wrapper of the cards; but the quality, the witnesses said, was the same in the two pieces. There was some evidence, called newly-discovered, which we think was immaterial. It consisted in part of the fact that the accused and his brother, who was also accused and acquitted, did not have any guns. The burglars had guns. The fact that they did not own or keep guns did not prevent them from having them on this occasion. Then the fact that the cards wrapped in the torn paper were handed to the accused by a certain person after the burglary was committed, would not show that he did not previously have them. It does not appear where or when that person got them, but simply that he handed them to the accused after the burglary was committed. Whether he had not also gotten them from the accused after the burglary was committed, does not appear.

Besides, there was a lack of diligence in getting up this so-called newly-discovered evidence. There were indications pointing to these witnesses as knowing the facts, and there were certain reasons for anticipating that both facts so far as they were relevant would be in question. Of course, if the man handed the cards to the accused, the accused knew that he did it; and it was not a newly-discovered fact that this had been done. And so about the guns; if they did not keep guns, and had no guns, he could have shown it as well on the trial as afterwards.

There was another point, which is ruled in the third head note.

Judgment affirmed.