## BURKS v. THE STATE.

The evidence implicating the accused being rather weak and wholly circumstantial, his good character might well have been treated by the jury as an answer to it; but the jury, in the light of all the evidence, having found him guilty, and the trial judge having approved the finding, this court will leave the verdict to stand, there being no sufficient legal reason for overruling the judgment denying a new trial.                    *Judgment affirmed.*

April 10, 1893.

Indictment for burglary. Before Judge FISH. Sumter superior court. November term, 1892.

The testimony for the State was to this effect: On the night of the 16th of May, 1891, in Sumter county, Mrs. Wise's smoke-house, which had been locked shortly before night, was entered and meat stolen therefrom. The back of the smoke-house made part of the enclosure of the garden. The smoke-house was entered from the

rear by digging under. About a week or ten days before the burglary defendant was at the smoke-house, having swapped Mrs. Wise some cotton-seed for some meat and going there to get his meat. The morning after the burglary an examination of the premises was made, and tracks were found all around the place where the entrance had been made, and signs of grease and salt. The hole was large enough for defendant to have gone under, and was dug with a shovel or hoe or something of that kind. The tracks were followed through the garden to the back of the garden and as far as they could be tracked, right up to the back yard of defendant's premises, where the soil became hard. Grease and threads of cloth were about the hole, as if the meat had been dragged out there, and grease and signs of thread and cloth were on the garden fence. On the next fence were grease and threads. There were two other fences in the direction of defendant's place, which were low enough for a man to have stepped over, and on these were no signs. The defendant was taken to where the tracks were, and put his foot in them. According to one witness he did so willingly; according to another, he shuffled his foot in the track, and witness took hold of it and steadied it. The shoe defendant had on fitted the track. There was some peculiarity about the track. The shoe had been worn off on the heel and on the outside, and set in—what is called pigeon-toed. The shoe had been half-soled, and a witness saw the whole half-sole in the track. The premises of defendant were searched, but no meat was found there. He said he had not had any meat in a week. He had on an old ragged shirt and vest, and on his shoulder were found some old meat grease signs and a little fine salt on the vest. On his premises was found a shovel with fresh white sand on it, and the sand on the shovel was the same as the soil at the back of the smoke-house. There

was nothing but hard red soil around defendant's house. About half way of the shovel there was the distinct print of a man's hand with grease on it, and another print at the top end of it. A witness testified that the grease was old bacon grease, and he knew that because it was not lard. Defendant's reputation was bad; and about ten days before the burglary he came to a witness, wanted to borrow money from him, and said he was short, that he had no meat.

For the defence there was evidence that defendant's character was good, his credit was good, and he could have bought meat if he had wanted it. Also, that it was a very common thing for negroes to wear shoes of the size of defendant's, and not uncommon for them to have their shoes half-soled. Defendant denied any connection with the burglary. He stated that he was at home asleep; that the track was not his track; that when he wanted meat he would go and buy it; that the shovel he loaned to a Mr. Reed for his hands on the road to work with, and if it was greasy they greased it, etc. After conviction, defendant moved on the general grounds for a new trial, which was denied.

E. F. HINTON, E. H. CUTTS and J. A. HIXON, for plaintiff in error.    C. B. HUDSON, solicitor-general, by HUDSON & BLALOCK, contra.