## WEBB v. STATE.

No error of law having been committed upon the trial; and as there was evidence to authorize the verdict, the judgment overruling the motion for a new trial must be affirmed.

Argued October 18,—Decided December 22, 1909.

Indictment for rape. Before Judge Morris. Cobb superior court. September 4, 1909.

*J. E. Mozley* and *D. W. Blair,* for plaintiff in error.

*John C. Hart, attorney-general,* and *J. P. Brooke, solicitor-general,* contra.

Fish, C. J.    Willard Webb was convicted of the offense of rape, and excepted to the overruling of his motion for a new trial.    Upon the trial the accused was positively identified by the woman alleged to have been raped, as the man who committed the offense upon her.    The defense set up by the accused was alibi; a number of witnesses testified in his behalf; and their testimony, if credible, showed that he, at the time the offense was committed, was some seven miles away from the scene of the crime.    The woman alleged to have been raped testified that immediately before she was assaulted she was in a small outhouse, near but out of view of her dwelling, and that, hearing a noise outside, she looked through an opening in the house and discovered a dog, which she thought had made the noise; and upon opening the door to come out of the house, she was seized by the accused, choked and dragged behind the house, where the rape was committed upon her.    She testified that the dog she saw near the house was a brown spotted dog and not full grown.    While testifying, a dog was brought into court, before the witness and the jury, about which she testified as follows: "I won't say positively that that is the dog; I say it looks very much like the dog I saw that morning."    (The evidence showed that she referred to the dog seen by her immediately before she was assaulted.)    On cross-examination, she testified on this subject as follows: "I say it looks very much like the dog, but I won't say positively about the dog.    I had never seen the dog before, that I know of."    Another witness in behalf of the State testified, that he knew the dog that was brought into court, and that it belonged to one Grace Davis; that frequently during the two months prior to the time the crime was alleged to have been committed he had seen the accused at the house of Grace Davis and about the premises where she lived, and had seen this dog following the accused.    It does not affirmatively appear from the testimony of the witness, however, that he had seen the dog following the accused more than once, when no member of Grace Davis's family was present.    The evidence of this witness was objected to by the accused, upon the ground that it did not in any way connect him with the dog that the woman upon whom the offense was alleged to have been

committed saw just before she was assaulted, as there was no evidence identifying the dog belonging to Grace Davis as the dog seen by the woman at the time and place of the crime. The objection was overruled and the evidence admitted. The admission of this evidence over the objection of the accused constitutes the only special ground of the motion for a new trial, the other grounds being general and complaining that the verdict was contrary to law and the evidence and without evidence to support it.

1. The evidence to the admission of which exception was taken was competent for the consideration of the jury, as a circumstance on the question as to whether or not the accused was present when the crime alleged against him was committed, the identity of the dog being of course, for determination by the jury.

2. The case turns on the point as to the identity of the accused as the person who committed the crime. All that need be said is to quote from the brief of the able attorney-general, as follows: "The question is really one of fact. Mrs. Brown, the victim, positively identifies the plaintiff in error as the perpetrator of the crime. She bases this conclusion on the tone of his voice and from his personal appearance. Plaintiff in error relies upon an alibi, and introduces a number of witnesses to sustain it. He may be innocent. The jury, however, settled that question in the court below, and their finding has met with the approval of the judge. The evidence is amply sufficient to sustain the verdict, and yet it is possible the woman assaulted may be mistaken. This court, however, is powerless, as no error of law is complained of except on the one ground mentioned above."

The judgment refusing a new trial must be

*Affirmed. All the Justices concur.*