## 25854. JACKSON *v.* THE STATE.

DECIDED OCTOBER 23, 1936.

*W. J. Wallace,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

GUERRY, J. Homer Jackson and Robert Moye were jointly indicted for the offense of burglary. They were jointly tried, and both were found guilty. Homer Jackson prosecutes the present writ of error to review the judgment overruling his motion for new trial, containing only the general grounds. The evidence disclosed that the storehouse of Childs & Cochran, a firm com-

posed of A. W. Childs and O. C. Cochran, located in Roberta, Georgia, was broken into, and 775 pounds of white granulated sugar feloniously taken. This occurred either on Monday night, March 2, or the early morning hours of Tuesday, March 3. The thief or thieves entered through a window on that side of the store next to a public road. On this road witnesses found automobile tire tracks leading from the window, which they identified, because of certain peculiarities, as having been made by the car of Jackson. One witness testified that he worked for the firm of Childs & Cochran, and that defendant came to the store on Monday and purchased a cold drink. The night policeman of the City of Roberta testified that he saw a car similar to that belonging to the defendant driven through Roberta in the early morning hours of Tuesday morning. Several days after the burglary, witnesses found defendant's automobile parked in the yard of the home of Robert Moye. They discovered automobile tire tracks similar to those found at the store, and which they identified as having been made by the automobile of defendant "down a little dim road" near the house of Robert Moye, "which led down to the swamp about ¾ mile from the Moye house to the head of a little stream. We found where the car turned around down there about 150 yards from this head of the branch. There we found 775 pounds of sugar in a gully," covered with black oilcloth. Some of the sacks had the name of Childs & Cochran stamped on them. All of this sugar was of the same kind and character as that stolen. Near this spot witnesses also discovered a whisky still. They also found one 5-pound sack of sugar and two empty sugar-bags in Robert Moye's house. None of the witnesses identified this sugar as being part of that stolen. The indictment alleged the theft of 775 pounds of sugar, and two witnesses in behalf of the State testified that this exact amount of sugar was found in the gully. Obviously, from this evidence, the sugar found in Robert Moye's home could not have been a part of the stolen sugar. On March 5, Robert Moye and Homer Jackson were seen together in Fort Valley, Georgia. On the day that Jackson was seen in Roberta, and when he purchased a cold drink from the store of Childs & Cochran, he had a companion with him. One of the witnesses testified that it was one of the "Moye boys," but none identified him as Robert Moye.

Although the case against the defendant rests purely on circumstantial evidence, yet it is so conclusive that the defendant is guilty of the crime charged that there can be no doubt as to its sufficiency to uphold the verdict. The defendant had been seen on the day followed by the night of the burglary, in the community and at the very store that was burglarized. Tracks made by tires found on his automobile led away from the scene of the crime, and led to the spot where the stolen property had been concealed. This was competent evidence to show his guilt of the crime charged (*Webb* v. *State,* 133 *Ga.* 585, 66 S. E. 784; *Jackson* v. *State,* 148 *Ga.* 519, 97 S. E. 525), and was sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. *Lindsey* v. *State,* 9 *Ga. App.* 299 (70 S. E. 1114), and cit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*