## 29187. SANDERS *v.* THE STATE.

DECIDED NOVEMBER 7, 1941.

*Claude V. Driver, J. S. Edwards,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

BROYLES, C. J. The defendant was convicted of burglary. His motion for new trial was overruled, and that judgment was assigned as error. A reading of the voluminous brief of evidence satisfies us that the evidence, while wholly circumstantial, was amply sufficient to exclude every reasonable hypothesis save that of the defendant's guilt, and the general grounds of the motion are without merit. The undisputed evidence shows that on the morning after the burglary the accused was arrested and was wearing a pair of shoes which corresponded in every particular with the tracks and impress of shoes left on a sales pad in the burglarized premises. The shoes taken off of the defendant were admitted in evidence. Photostatic pictures of the shoes and the sales pad were also admitted in evidence. The admission in evidence of the pictures was objected to on the grounds that none of the witnesses (who testified that the pictures were correct pictures of the shoes and sales pad) saw the pictures developed, and that the best evidence thereof would be the testimony of the photographer. Here the court stated: "I believe the testimony is in substance that one or more of the witnesses saw the picture taken." The ground alleges that the statement of the judge was prejudicial to the accused and was an expression of opinion as to what had been proved. We think that the pictures were properly admitted in evidence. One or more of the witnesses testified that they saw the pictures taken and that they were true pictures of the shoes and the sales pad. Nor do we think that the comment of the court was error. It was evidently given in a colloquy between the court and counsel upon the admissibility of the evidence, and it is well settled law that under such circumstances the "dumb act" (Code § 81-1104) does not apply. *Chapman* v. *State,* 23 *Ga. App.* 359 (98 S. E. 243), and cit.

The other special assignments of error are based on the admission in evidence of the shoes and a knife of the defendant. The grounds allege that these articles were taken from the defendant's person while under an illegal arrest and that he was thereby forced to incriminate himself. There is no allegation in the grounds that the defendant *himself* was *forced to hand over* his shoes and knife to the officers, but the allegations are that they took them from him. "Evidence obtained by an illegal and unauthorized search of one's person is admissible against him, and does not violate this constitutional guaranty [that no person shall be compelled to give testimony in any manner to criminate himself]." *Calhoun* v. *State,* 144 *Ga.* 679 (1-*b*) (87 S. E. 893).

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*