34718.   LITTLE *v.* THE STATE.

DECIDED JULY 14, 1953.

*Ben Smith, Pierre Howard,* for plaintiff in error.

*H. G. Vandiviere, Solicitor-General,* contra.

TOWNSEND, J. The sole question raised by the plaintiff in error is whether the evidence against him, which was circumstantial in character, is sufficient to exclude every other reasonable hypothesis save that he participated in the burglary charged in the indictment. It is the theory of the State that his participation was with that of his two brothers, he acting as lookout while they committed the burglary. This theory, however, does not have to be supported in order for the evidence to be sufficient to support the verdict of guilt since if, on any theory, the evidence supports the verdict, it must stand. If his participation was such as to make him an accessory before the fact, he would be equally guilty with those who actually broke and entered the building with the intent to commit a felony therein. *Chambers* v. *State,* 68 *Ga. App.* 338 (23 S. E. 2d 545) ; *Pirkle* v. *State,* 11 *Ga. App.* 98, 101 (74 S. E. 709). If the evidence would support mere presence of the defendant near the scene of the crime as much as it supports his participation therein it would not be sufficient. *Demonia* v. *State,* 66 *Ga. App.* 114 (17 S. E. 2d 504) ; *Orr* v. *State,* 62 *Ga. App.* 774 (9 S. E. 2d 917). An analysis of the evidence here shows, however, that this defendant was in this isolated spot at the unusual hour of approximately 2:30 a.m.; that he owned the automobile in which he was found by the officers in proximity to the burglary; that this same automobile had, a short time previous to the apprehension of the defendant, been parked very near the burglarized building; that footprints in the dust led from the automobile to the building and back again, indicating the use of the automobile in connection with the burglary; that, when the officers found the automobile with the defendant in it, it was parked in a lumber yard approximately 300 yards from the scene of the crime; that the identity of the automobile and the places where it was parked were established by the officers by a comparison of the tire tracks and the tread of the tires of the automobile in question; that the police interrupted two men who had entered the building and who fled in the general direction in which the

automobile was parked when the officers approached; that the defendant's two brothers were found some hours later, the condition of their clothing suggesting that they had been in flight through briars and water; that from where the car was parked in the first instance there were signs indicating that someone had run through a thick briar patch toward a nearby creek; that the defendant was himself scratched and bleeding in a manner suggestive of recent flight; that the defendant lived some distance away in another county; and that his explanation of his presence was confused and self-contradictory. All these circumstances, not one of which is in itself sufficient to warrant a conviction, together warranted the defendant's conviction and excluded every other *reasonable* hypothesis save that of the guilt of the accused. *Sanders* v. *State*, 66 *Ga. App.* 128 (17 S. E. 2d 251); *Jackson* v. *State*, 54 *Ga. App.* 413 (187 S. E. 893); *Gregory* v. *State*, 80 *Ga.* 269 (7 S. E. 222).

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*