### 40168.   FLEMING v. THE STATE.

FRANKUM, Judge.   1. Where the evidence adduced upon the trial of one charged with the offense of burglary showed that the building described in the indictment had been broken open and that immediately after the breaking and entering the defendant was apprehended by police officers (answering a silent burglar alarm) within a fenced enclosure adjacent to and forming a part of the premises whereon the building allegedly burglarized was located, and where, after being so apprehended, the defendant gave to the officers conflicting statements accounting for his presence within the enclosure and as to the location of the automobile in which he reached the vicinity of the burglarized building, and where some items of personal property found on the defendant's person and in the automobile referred to were such as could be used in burglarizing a building and in breaking open a safe, the conviction, though dependent upon circumstantial evidence and not demanded, was authorized by the evidence, and the general grounds of the motion for a new trial were, therefore, properly overruled. *Jackson v. State,* 54 Ga. App. 413 (187 SE 893) ; *Sanders v. State,* 66 Ga. App. 128 (17 SE2d 251) ; *Little v. State,* 88 Ga. App. 581 (77 SE2d 75) ; *Gregory v. State,* 80 Ga. 269 (7 SE 222).

2. The sole special ground of the motion for new trial assigns error because the trial judge "excluded" evidence as to the occupation and activities of the defendant earning a living. This ground shows, however, that the judge did not rule this evidence inadmissible, but merely informed counsel for the defendant that if he insisted on putting it in, he would permit

the State to introduce evidence of prior convictions on the theory that this evidence amounted to putting the defendant's character in evidence. Counsel for the defendant then chose not to put the evidence in, and under these circumstances, there is no ruling upon which this court can pass.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 10, 1963.

Burglary. Chatham Superior Court. Before Judge Harrison.

*Lewis, Wylly & Javetz, Emanuel Lewis*, for plaintiff in error.

*Andrew J. Ryan, Jr.*, Solicitor General, *Sylvan A. Garfunkel, Robert E. Barker*, Solicitor General pro tem., contra.

The evidence for the State shows substantially the following: On the night of September 2, 1962, a place of public amusement and recreation located in Chatham County and known as Savannah Gardens was broken into and larceny from a safe therein was attempted. A silent alarm was tripped and officers of the Savannah Police Department arrived on the scene within two or three minutes thereafter. Upon the approach to the building they heard two persons running therein or therefrom, but upon entry to the building they found no one there, though they found many tools including an acetylene welding or cutting torch, hammers, electric drills, punches, wrenches, screwdrivers, and other apparatus which could be used in opening a steel safe. There was also found at the scene a shotgun or rifle, and in another part of the building a pistol was found, both of which were not in the building when it was closed by the person in charge on the date of the alleged burglary. Upon further investigation the officers found the defendant squatting or stooping behind some bushes within a cyclone fence enclosure adjacent to the building and enclosing a part of the premises on which the building in question was located, and when a light was thrown on him and he was ordered to come out, he fainted. He gave to the officers at the scene as explanation of his presence in the enclosure that he had gone therein to answer a call of nature, but the officers upon investigation were unable to find any evidence to corroborate this. The defendant also told the officers that he had come to the area in a described automobile and told them where it was parked, but an automobile of this description was not

found where the defendant said it would be found but was found at a different location some distance away. Upon searching the automobile the officers found in the glove compartment, among other things, a burner tip like those used on acetylene torches. They also found on the defendant's person a pair of mismatched gloves and a flashlight.