## 51541. HUNCKE et al. v. THE STATE.

EVANS, Judge.
Three defendants were tried and convicted of theft by taking. Defendant Huncke was sentenced to serve five years; defendant Trouille was sentenced to serve ten years; and defendant Koonse was sentenced to serve five years. A joint motion for new trial was filed and denied, and defendants appeal. *Held:*

1. The sole complaint is that the evidence was insufficient to justify conviction, being based on circumstantial evidence alone. A considerable length of copper wire had been cut from the poles of an electric membership corporation on July 19, 1974, along Georgia Highway 37 in Lanier County, Georgia. On that date at about 7:30 a.m., three people in a 1964 or 1965 white Fairlane Ford automobile were seen on this highway. About 9:45 or 10 a.m. two men were seen on one side of the road, just walking around and apparently looking for something. About 200 yards from the men a white-looking automobile was parked on the highway, heading west, with a person in it. Defendants Huncke and Trouille were identified by this witness as being the two men he saw on the side of the road. This was near the spot where the wire was cut. About 2 p.m. this witness again saw the same car about 200 yards from where it was located when he passed in the morning headed east on the highway where a new road had been cut. Defendant Trouille was seen standing outside the car and another

person was in the car who was not identified. This witness noticed wire had been cut from the poles where the automobile was located and defendant Trouille was looking down the ditch near a power pole with cut wire hanging down from the pole. The witness reported the suspicious circumstances to the electric membership corporation.

Another witness, an employee of the membership corporation, testified that he saw two men and a woman and a white automobile, but that no wire was cut at that time (1:40 p.m.). He identified the defendant, Ms. Koonse, who was driving the white automobile. On his return along the highway about 2:45 or 3 p.m., after other suspicious circumstances were reported to him, he found the neutral wire had been cut and was gone from the lines. He pulled onto a side road, and approximately 1,000 feet down the road he saw the white car and called the sheriff. The defendant (Ms. Koonse) was still in the car. This female contended she was picking blackberries. Bolt cutters and a sash-cord rope were found in the car and two or three coils of similar copper wire, which had been cut from the poles, were found in an old road leading off the highway. Another rope with brick attached was found near the scene. Shoe tracks with streaks across them were found at the scene. Defendant Huncke was arrested that night and he was wearing a pair of shoes that had streaks across them. The sheriff testified that they looked similar but he could not say that those shoes made the tracks. The rope found about 75 feet south of the power line was similar to the rope, a common type, as that found in the automobile of defendant Koonse.

2. Evidence of mere presence at a place where the offense is being committed, and there being nothing to show the participation of the defendants in the illegal act, is insufficient to authorize conviction. *Jones v. State,* 64 Ga. App. 308 (13 SE2d 91); *Rutland v. State,* 129 Ga. App. 313, 314 (199 SE2d 595).

3. Tracks found at the scene are insufficient to connect a defendant to the crime unless they are shown to have been those of the defendant. *Lindsey v. State,* 9 Ga. App. 299 (3) (70 SE 1114).

4. But the other circumstances here connect the

defendants with the crime; that is, their presence on the highway about 7:30 a.m., again about 10 a.m., and at 1:25 p.m. (the wire not being cut at that time) and the wire being found cut at 2:45 p.m. when a witness returned along the highway; his immediately reporting by radio of the wires being down; the blocking of the highway; the finding of the white car and the defendant Koonse in the area; the bolt cutters, rope and location of the cut wire and the locality, all were sufficient to convict even though the defendants Huncke and Trouille were not found at the scene.

To warrant a conviction on circumstantial evidence, proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. *Burks v. State,* 92 Ga. 461 (17 SE 619); *Miller v. State,* 91 Ga. 186 (16 SE 985); *Little v. State,* 88 Ga. App. 581, 583 (77 SE2d 75). The evidence was all circumstantial. If separated, and divided into segments, no one segment would be sufficient to convict. But when added together, as a whole it is sufficient to warrant a conviction, and it excludes every other reasonable hypothesis save that of guilt of the accused. *Sanders v. State,* 66 Ga. App. 128 (17 SE2d 251); *Jackson v. State,* 54 Ga. App. 413 (187 SE 893); *Gregory v. State,* 80 Ga. 269 (7 SE 222). In such cases it is not necessary that the circumstances remove every possibility of the defendant's innocence. See *Willingham v. State,* 131 Ga. App. 851, 853 (207 SE2d 249), and *Moody v. State,* 126 Ga. App. 108, 110 (189 SE2d 889).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JANUARY 5, 1976 — DECIDED JANUARY 19, 1976.

*D. W. Slone,* for appellants.
*Vickers Neugent, District Attorney, Ben T. Willoughby,* for appellee.