## 39438. ROBINSON v. THE STATE.

HILL, Chief Justice.

Benjamin Clyde Robinson, the appellant, was tried by a jury and convicted of felony murder, armed robbery, and theft by taking. Although the state sought the death penalty, the jury returned a sentence of life imprisonment for the felony murder. The trial court ruled that the armed robbery conviction merged into the felony murder conviction and sentenced the defendant to 10 years on the theft by taking charge, to run consecutive to the life term.

After defendant's appeal was filed in this court, his appointed counsel filed a request for permission to withdraw from the case pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). He stated that he had determined that the only possible ground for appeal was the admissibility vel non of the defendant's in-custody statement and that he had determined that the trial court did not err in admitting it. He explained that during the Jackson-Denno hearing,[1] the state called two detectives who testified that the defendant was lucid and coherent, and that having been given his Miranda warnings, he willingly and voluntarily signed a waiver of them.[2] The defendant did not testify during this hearing or otherwise and did not present any evidence. The trial court ruled that the statement had been freely, voluntarily and intelligently made and was admissible. We agree.

---

[1] Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[2] After the waiver was signed, one of these detectives was called away; the other proceeded to tape record the defendant's statement.

We have examined the entire record and determine that there are no meritorious grounds for appeal and that an appeal would be wholly frivolous. The defendant's attorney's motion to withdraw was served on the defendant on December 28, 1982, and the defendant has had ample time to respond. All of the requirements set forth in Anders v. California, supra, having been met, counsel is granted permission to withdraw and the appeal is dismissed. *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976).

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983.

*Steinberg & Vrono, Leonard N. Steinberg,* for appellant.

*Robert E. Keller, District Attorney, Mary Jane Stewart, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.