## 39734. BRYANT v. THE STATE.

GREGORY, Justice.

The defendant, Ferdinand Bryant, was convicted of the murder of Johnny Bernard and the aggravated assault of Bernard's half-brother, Charlie Bernard. The defendant was sentenced to life imprisonment for the offense of murder, to run concurrently with the six-year sentence imposed for aggravated assault.

Defendant's appointed trial counsel has filed a request for permission to withdraw from the case pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). In his brief counsel posits as the only arguable ground for appeal that the evidence demands a verdict of voluntary manslaughter. Counsel maintains the jury was not authorized to find the defendant guilty of murder. We note that the trial court fully charged the jury the law of voluntary manslaughter.

The undisputed evidence in this case shows that the defendant and the two victims, both brothers of the defendant's former wife, were playing cards in the former wife's home. A dispute over the ownership of some poker winnings arose between the defendant and Johnny Bernard. Twice within minutes the two scuffled; both times the fracas was broken up by the defendant's son-in-law. Charlie Bernard played no role in this skirmish. After the second struggle had broken up the defendant took some food to his truck, parked a short distance away. He returned with a gun and as he walked through the front door, announced, "I'm tired of you brothers teaming up on me." The defendant then fired a fatal shot at Johnny Bernard after which he shot Charlie Bernard in the right arm. Neither of the victims was armed.

Under this evidence a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As required by Anders v. California, supra, we have examined the entire record in this case. We conclude that there are no meritorious grounds for an appeal and that an appeal in this case would be frivolous. Defense counsel timely served his motion to withdraw from the case on defendant. Though defendant has been given ample time to respond to this motion, he has not done so. We, therefore, find the requirements of Anders v. California have been met and grant counsel permission to withdraw from the case. The appeal is dismissed. *Robinson v. State,* 250 Ga. 516 (299 SE2d 726) (1983).

*Appeal dismissed. All the Justices concur.*

*John W. Davis,* for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.