### 41130. JONES v. THE STATE.
### 41131. SMITH v. THE STATE.
#### (322 SE2d 877)

BELL, Justice.

Walter Jones, Larry Smith, and Bernie Edwards were jointly tried and convicted for the offense of felony murder. OCGA § 16-5-1 (c). Edwards is not a party to this appeal, and Jones and Smith separately appeal from their convictions.[1] In case no. 41131, Smith's counsel has filed a motion pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), asking for leave to withdraw from the case. In his brief in support of his motion, Smith's counsel has raised numerous possible grounds for appeal. We affirm Jones' conviction, grant Smith's counsel permission to withdraw, and dismiss Smith's appeal.

1. We will first review the sufficiency of the evidence as to each appellant. On October 1, 1982 Walter Jones and several of his friends were fighting a man named Anthony Williams in a parking lot. A group of spectators gathered to watch, and while the men were fighting, the homicide victim, Judy Miller, and her husband, Bennie Miller, rode into the vicinity of the fight in a van driven by Mr. Miller. They saw the fight, and, hoping to stop it, turned into the parking lot. Jones and the crowd dispersed. After offering assistance to Williams, the Millers left the scene of the fight.

Soon after this incident, Larry Smith, who is Walter Jones' uncle, Bernie Edwards, and two other men, Michael Hanson and Ruben Samuels, visited Jones. After they arrived at his apartment, and while Jones was describing the fight, Jones saw the Millers' van being driven past his residence, and told the visitors that he recognized it as having been at the scene of the fight. Smith and the other men believed that the van's occupants were allies of Williams. They decided

---

[1] The crime was committed on October 1, 1982. The Chatham County jury returned its verdicts of guilty on April 14, 1983. Jones' motion for new trial was filed on May 12, 1983; Smith's motion for new trial was filed on May 10, 1983. The transcript of evidence was filed on June 29, 1983. Jones' motion for new trial was denied on December 20, 1983; Smith's motion for new trial was denied on December 21, 1983. Jones' notice of appeal was filed on January 19, 1984; Smith's notice of appeal was filed on January 20, 1984. Jones' record was docketed in this court on May 2, 1984; Smith's record was docketed in this court on May 3, 1984. Smith's case was submitted for decision without oral argument on June 15, 1984. Jones' case was argued before this court on June 27, 1984.

to chase the van, and got in Bernie Edwards' car, with Edwards driving. Edwards followed directly behind the van and began flashing his lights. When the van stopped at an intersection, Smith exited the car and approached the van with a .30 caliber pistol in his hand. Glenda Bowers, who was stopped at the intersection behind Edwards' car, testified that she saw Smith get out of the car and approach the van, carrying a long pistol in his right hand.

The Millers saw Smith approach their van with a good-sized object in his hand and they drove off. Smith rejoined his companions, and the chase continued. Edwards managed to overtake the van and to turn in front of it, blocking the road. Bennie Miller was forced to turn off the road to avoid a collision; he passed Edwards' car and reentered the highway, but as the van went by the car, Smith pointed his pistol from a car window and fired in the van's direction, fatally wounding Judy Miller in the head.

Testifying in his own defense, Smith admitted he fired the gun at the van, but claimed his sole intent had been to scare the Millers. Jones also testified in his own defense. He denied knowing that Smith had a gun until it was fired.

The court instructed the jury that it could find the defendants guilty of murder if it found beyond a reasonable doubt that the defendants caused Judy Miller's death while they were engaged in the commission of a terroristic act, a felony. See OCGA § 16-5-1 (c). The court further charged the jury on the definition of a terroristic act, OCGA § 16-11-37 (b) (2), and on the law of parties to a crime, OCGA § 16-2-20. We find that the evidence clearly authorized a rational trier of fact to find beyond a reasonable doubt that Larry Smith and Walter Jones were parties to the commission of a terroristic act which caused the death of Judy Miller. The jury was therefore authorized to find the appellants guilty of felony murder. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jones argues, and Smith's counsel raises as a possible ground for appeal, that the trial court erred in denying their motions to sever their trial from that of their co-defendants.

Since the state waived the death penalty, the decision whether to grant or deny the appellants' motions to sever lay within the discretion of the trial court, and its decision to deny the motions will not be disturbed on appeal absent an abuse of discretion. OCGA § 17-8-4; Kennedy v. State, 253 Ga. 132 (2) (317 SE2d 822) (1984); Owens v. State, 251 Ga. 313 (8) (305 SE2d 102) (1983). In exercising its discretion when ruling on a motion to sever, a trial court should consider the following three factors: (1) whether the number of defendants will create confusion of the law and evidence applicable to each individual defendant; (2) whether there is a danger that inculpatory evidence admissible against one defendant will be considered against another

despite cautionary instructions to the contrary; and (3) whether the defenses of the co-defendants are antagonistic to each other. *Kennedy v. State*, supra at 134; *Owens v. State*, supra, 251 Ga. at 321; *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). "If the defendant can show the court by some facts that failure to sever will prejudice him under one or more of these considerations, his motion should probably be granted." *Cain v. State*, supra, 235 Ga. at 129.

None of the above factors is present in the instant case. Because the case involved only three defendants and because each one's role in the crime was undisputed, there was no danger of confusion as to the law and evidence applicable to each. Jones relies solely on the second factor mentioned above, arguing that the evidence implicating Larry Smith as the murderer spilled over to his case and was improperly considered by the jury against him. This contention has no merit, however, because there was no evidence admissible against Smith which was inadmissible against Jones. *Kelley v. State*, 248 Ga. 133 (3) (281 SE2d 589) (1981). In fact, if Jones' motion had been granted, evidence concerning Smith's involvement in the murder would have been indispensable to the state's case and properly admissible against Jones at a separate trial for felony murder. Similarly, there was no evidence admissible against Jones which was inadmissible against Smith. Finally, the defenses of the defendants were not antagonistic.

3. Jones enumerated only two errors, challenging the sufficiency of the evidence and the denial of his motion to sever. These contentions have been decided adversely to him and his conviction is affirmed.

4. Smith and Jones had been tried for the murder of Judy Miller once before. That trial ended in a mistrial. Smith's counsel raises as an arguable ground for appeal that the trial court erred by allowing Bennie Miller and Glenda Bowers to testify at the second trial. He contends that that testimony should have been excluded because they remained in the courtroom following their testimony at the first trial. We disagree.

Even the violation of the rule of sequestration by a witness affects only the credibility, not the admissibility, of the witness' testimony. *Jordan v. State*, 247 Ga. 328 (10) (276 SE2d 224) (1981); *Blanchard v. State*, 247 Ga. 415 (1) (276 SE2d 593) (1981). Here, no violation of the sequestration rule occurred at the second trial, and we hold that the fact that the two witnesses in question were allowed to remain in the courtroom following their testimony at the first trial affects only the credibility of their testimony, and not its admissibility. See *Jordan v. State*, supra, 247 Ga. at 347; *Blanchard v. State*, supra, 247 Ga. at 417. We find no error.

5. Another possible ground for appeal raised by Smith's counsel is that the trial court erred in admitting into evidence three photo-

graphs of the victim.[2] The first is a facial picture, offered for the purpose of showing the identity of the victim; the second depicts the entry wound on the victim's left cheek; and the third depicts the exit wound at the right rear of the victim's neck. Smith argues that the photographs were unnnecessary because he had stipulated to the identity of the victim and to the cause of her death, and that, accordingly, they improperly inflamed the jury. We find no error. The photographs in question were relevant and material to show the victim's identity and cause of death and do not fall within the rule established by *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). Moreover, photographs which are material and relevant are not excludable on the ground that the defendant has stipulated to the cause of death. *Scott v. State*, 250 Ga. 195 (2) (297 SE2d 18) (1982).

6. We have examined the other possible grounds for appeal outlined by Smith's counsel, and find them not to be meritorious. Smith's attorney timely served his motion to withdraw on Smith, and Smith has had ample time to respond, but has elected not to do so. We have independently examined the entire record in Smith's case, and conclude that there are no meritorious grounds for appeal and that an appeal would be frivolous. We therefore find that the requirements of Anders v. California have been met, and grant Smith's counsel permission to withdraw from the case. Accordingly, Smith's appeal is dismissed. *Robinson v. State*, 250 Ga. 516 (299 SE2d 726) (1983).

*Case no. 41130. Judgment affirmed. All the Justices concur, except Smith, J., not participating. Case no. 41131. Appeal dismissed. All the Justices concur, except Smith, J., not participating.*

DECIDED NOVEMBER 27, 1984 —
REHEARING DENIED DECEMBER 12, 1984.

*Stephen R. Yekel,* for appellant (case no. 41130).
*Gordon B. Smith,* for appellant (case no. 41131).
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.

---

[2] The photographs were not included in the record originally filed with this court, but were transmitted to us upon our direction to supplement the record. See *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984).