## 44484. ROBERTS v. THE STATE.
(356 SE2d 871)

WELTNER, Justice.

Four robbers, among them John Anthony Roberts, plotted to enter Charles Crosby's apartment and to rob him. They succeeded, and Crosby died as a result of ligature strangulation and blunt trauma to the head. Before Roberts' trial, all three of his companions had been tried, convicted, and sentenced for their crimes. All three testified as witnesses for the state. Roberts was convicted of felony murder and sentenced to life imprisonment.[1]

1. Roberts contends that he did not conspire to commit murder or armed robbery, and that if an armed robbery did take place, he was not involved in it, in that he neither touched the victim nor harmed him in any way. OCGA § 16-2-21 provides: "Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, has been convicted of a different crime or degree of crime, or is not amenable to justice or has been acquitted."

2. OCGA § 16-2-20 provides: "(a) Every person concerned in the commission of a crime is a party thereto and may be charged with

---

[1] The crime was committed on May 31, 1981, and the indictment was returned on March 18, 1982. The guilty verdicts were returned and John Anthony Roberts was sentenced on November 16, 1984. No motion for new trial was filed. Notice of appeal was filed December 11, 1984. The transcript of the evidence was filed on January 26, 1987. The record on appeal was docketed in this court on March 26, 1987, and this case was submitted on May 8, 1987.

and convicted of commission of the crime. (b) A person is concerned with the commission of a crime only if he: (1) Directly commits the crime; (2) [omitted]; (3) intentionally aids or abets in the commission of the crime; or (4) intentionally advises, encourages, hires, counsels, or procures another to commit the crime." The latter-quoted code section was construed and applied in *Jones v. State*, 253 Ga. 640 (322 SE2d 877) (1984), wherein a conviction for murder was upheld as to a defendant who claimed he intended no harm to the victim, and did not know that a co-defendant had a weapon.

Under Georgia's statutes dealing with parties to a crime, a person who commits a felony may be convicted for any murder that occurs as a result of the commission of that felony, without regard as to whether he commits, intended to commit, or acted to commit the murder of the victim. Under the evidence in this case a rational trier of fact could have found Roberts guilty beyond a reasonable doubt of the felony murder of Charles Crosby. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 19, 1987.

*William E. Frey*, for appellant.

*Robert E. Keller, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.