## 75400. CRUMLEY v. THE STATE.
(366 SE2d 171)

POPE, Judge.

Kathy Renee Crumley brings this appeal from her conviction and sentence of theft by taking more than $500 from her employer. *Held*:

1. Construed most strongly in favor of the verdict, the evidence showed that an audit conducted by defendant's employer, a retail store in Dalton, established that on 49 separate dates from December 1985 through June 1986 money was missing from a cash register which should have been included in the balance of the cash register at the end of the day. The pattern which was developed established that someone would void a transaction from the cash register, the paper cash register tape would be torn, and the void transaction would be missing from the paper cash register tape. The printout of the corresponding computer tape, if available, would show the specific transaction which was missing from the paper cash register tape. The specific transaction which was voided from the cash register would not appear on the paper cash register tape or the computer printout, indicating that the void transaction did not occur during the course of the day's sales activity.

The evidence showed that defendant, an assistant manager, was the only employee who was present in the store on each of the specific occurrences. These thefts occurred regularly every week during the time in question except for three periods during which defendant was not working at the store. Most telling of these transactions occurred on June 25, 1986 when defendant had returned to work from a vaca-

tion and the store's home office personnel conducted a surprise audit at closing time. Cash register no. 1 was found to have missing transactions which had been torn from the paper cash register tape. The cash register's torn paper tape was missing transaction numbers 3590 and 3591. The missing receipt was found later that night along with a piece of paper used to slip into the cash register to record the void sale, in a garbage can in the rear of the store. The last transaction on the paper tape was number 3592 which was a "short reading" showing the amount of cash and checks tendered in the cash register. Transaction number 3590 was a "no sale" transaction and number 3591 was a void of a cash sale which listed four different items sold. In order for this void transaction to be a legitimate void transaction, there should have been an identical sale present on the cash register record of sales. A void should only occur to correct a previous mistake made on the cash register. This particular void transaction did not have a corresponding transaction on the cash register receipt records. Normal procedure required that a receipt would be attached to a void card showing the void sale as well as the receipt showing the mistake which would be generated by the cash register concerning this prior sale. This transaction would appear on the void card which would be inserted into the cash register and printed at the time of the void transaction. The required documentation was present for all voided transactions on this day except the transaction in question.

Defendant was confronted with the torn paper tape on the night of June 25th but denied any knowledge of it. She stated that another employee had operated cash register no. 1 all night. This employee was called back from her home and stated that she did not ring up any sale as the one on the missing transaction. She further stated that defendant had taken over operation of this cash register after she, the employee, had had problems operating the cash register. The missing cash was found a few days later in a box under the counter of the cash register where defendant had been standing that night.

Cashier identification numbers used by personnel at the store when operating the cash register could not be relied upon to establish who operated the register in question. On the night of June 25th, the other employee operated cash register no. 1, but denied ringing up the subject void sale. Defendant testified that she (defendant) did the final balance on cash register no. 1 on that date, but her cashier number does not appear on the cash register tape.

Evidence of mere presence at a place where the offense is being committed, and there being nothing to show participation of the defendant in the illegal act, is insufficient to authorize conviction. *Huncke v. State*, 137 Ga. App. 299 (2) (223 SE2d 492) (1976). "To warrant a conviction on circumstantial evidence, proved facts shall not only be consistent with the hypothesis of guilt but shall exclude

every other reasonable hypothesis save that of the guilt of the accused. The evidence was all circumstantial. If separated, and divided into segments, no one segment would be sufficient to convict. But when added together, as a whole it is sufficient to warrant a conviction, and it excludes every other reasonable hypothesis save that of guilt of the accused. In such cases it is not necessary that the circumstances remove every possibility of the defendant's innocence." (Citations omitted.) Id. at 301. In our view, the evidence satisfied this standard and was such that any rational trier of fact could have found defendant guilty as charged beyond a reasonable doubt. See, e.g., *Exley v. State*, 180 Ga. App. 821 (350 SE2d 829) (1986); *Evans v. State*, 162 Ga. App. 43 (290 SE2d 148) (1982); cf. *Wood v. State*, 156 Ga. App. 810 (1) (275 SE2d 694) (1980).

2. During cross-examination of defendant at trial, the State asked: "Give me another person to be there when all these thefts occurred." Defense counsel objected "both to the form of the question and the relevancy. . . ." The objection was overruled. On appeal, defendant argues that the question improperly shifted the burden of proof. "Where the objection urged below is not argued here it must be treated as abandoned and where an entirely different objection is presented in this court, we do not consider it since we are limited to those grounds urged in the trial court." *Carney v. State*, 134 Ga. App. 816, 817 (216 SE2d 617) (1975); e.g., *Cain v. State*, 178 Ga. App. 247 (3) (342 SE2d 742) (1986); *Moore v. State*, 176 Ga. App. 251 (1) (335 SE2d 716) (1985).

3. We find no abuse of discretion in the trial court's allowing the State to use a chart (not tendered as evidence) which illustrated and summarized some 49 State's exhibits notwithstanding the chart's size (10' x 15') and its proximity to the jury box. See *Vaughn v. State*, 173 Ga. App. 716 (6) (327 SE2d 747) (1985); *McClure v. State*, 163 Ga. App. 236 (3) (293 SE2d 496) (1982); *Long v. Serritt*, 102 Ga. App. 550 (1) (117 SE2d 216) (1960); Agnor's Ga. Evid. (2nd ed.), § 15-1.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 29, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 —

*Charles G. Haldi, Jr.*, for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.