76943. SKINNER v. THE STATE.
(373 SE2d 271)

McMurray, Presiding Judge.

Defendant Skinner appeals his conviction of the offense of arson in the first degree. *Held*:

1. Defendant contends that the evidence is insufficient to prove his guilt beyond a reasonable doubt. The State's evidence shows that on a Friday night, March 27, 1987, Jackson was standing around talking with his friends outside the "Brown Derby" when he was accosted by defendant. A brief fist fight ensued and defendant left stating, "It's not over with yet." Defendant left the "Brown Derby" driving "pretty fast" and a tire was flattened when defendant's car hit a hole in the driveway. Defendant and a companion, Walton, left the car at a nearby house and walked to the home of McGee, where they borrowed her car. In McGee's car, defendant and Walton returned to defendant's car and defendant removed a blue gas jug from the trunk of his car and placed it in McGee's car. Defendant and Walton then returned to the "Brown Derby" where they encountered Clark who asked defendant (who was driving McGee's car) for a ride to a convenience store. At the convenience store defendant purchased a dollar's worth of gas which he placed in the blue gas jug. Defendant then drove himself and Walton to the back part of the Indian Oaks apartment complex. At the apartment complex defendant left for five or ten minutes while Walton spoke to someone at the apartment complex. Two witnesses saw defendant leave in the direction of a hole in the fence at the back of the apartment complex, but did not remember whether defendant was carrying anything. Another witness did not remember which direction defendant went when he left, but remembered that he saw defendant get something out of the car and

leave carrying it. Defendant was seen by two witnesses returning from the direction of the hole in the fence. Defendant was not carrying anything when he returned. The residence of Jackson was on the other side of the fence, approximately 200 yards from where the borrowed automobile was parked. During the early morning hours of March 28, 1987, the family of Jackson awoke to find their house on fire. The characteristics of the fire indicated that it had been deliberately started by "something splashed on the side of the building." A red Bic (disposable) cigarette lighter was found laying on the ground near the house. Earlier in the evening defendant had been lighting his cigarettes with a red or orange Bic (disposable) lighter. When defendant returned to the apartment complex he was walking fast or trotting. Upon defendant's return to the borrowed automobile, he and Walton immediately drove away. Fire trucks arrived at the Jackson residence, "a couple of minutes," after defendant drove away from the apartment complex.

"To warrant a conviction on circumstantial evidence, proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused. [Cits.] The evidence was all circumstantial. If separated, and divided into segments, no one segment would be sufficient to convict. But when added together, as a whole it is sufficient to warrant a conviction, and it excludes every other reasonable hypothesis save that of guilt of the accused. [Cits.] In such cases it is not necessary that the circumstances remove every possibility of the defendant's innocence. [Cits.]" *Huncke v. State*, 137 Ga. App. 299, 301 (4) (223 SE2d 492). See also *Crumley v. State*, 185 Ga. App. 795 (1), 796, 797 (366 SE2d 171). The evidence in the case sub judice satisfied this standard and was such that any rational trier of fact could find defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crumley v. State*, 185 Ga. App. 795 (1), 796, 797, supra; *Johnson v. State*, 185 Ga. App. 505, 506 (2) (364 SE2d 893).

2. Defendant also enumerates as error the trial court's refusal to give a portion of his request to charge No. 1. " 'It is not necessary to give the precise language of a request to charge when the principles upon which the jury must make its decision are clearly explained. (Cits.)' *Jackson v. State*, 249 Ga. 751 (2) (295 SE2d 53) (1982)." *Curtis v. State*, 182 Ga. App. 388, 389 (6), 390 (355 SE2d 741). Such being the situation in the case sub judice defendant's first enumeration of error is without merit. *Mathis v. State*, 184 Ga. App. 455, 457 (4) (361 SE2d 856); *Daniels v. State*, 184 Ga. App. 689, 690 (2) (362 SE2d 775).

*Judgment affirmed. Pope and Benham, JJ., concur.*

460

DECIDED SEPTEMBER 20, 1988.

Robert M. Bearden, Jr., for appellant.

Willis B. Sparks III, District Attorney, Thomas J. Matthews, Kimberly S. Shumate, Assistant District Attorneys, for appellee.