S93A0688. BEDFORD v. THE STATE.
(429 SE2d 87)

CARLEY, Justice.

After a jury trial, appellant was found guilty of felony murder and sentenced to life. He was also found guilty of and sentenced to a consecutive five-year term for possession of a firearm during the commission of a felony. His motion for new trial was denied and he appeals.[1]

1. Appellant urges that he was erroneously restricted from producing a good character witness.

Appellant had made a custodial statement, wherein he admitted his prior involvement in juvenile offenses. The trial court ruled that evidence regarding appellant's prior juvenile offenses would not be admissible unless and until appellant opened the character door. Upon being informed by the trial court that the character door would be deemed opened if appellant produced a good character witness, appellant chose not to produce that witness.

Under these circumstances, it is clear that appellant was not restricted from producing his good character witness. The witness could have been produced and, if the State had then sought to introduce evidence regarding appellant's prior juvenile offenses, he could then

---

[1] The crimes occurred on July 26, 1991. Appellant was indicted on October 2, 1991. The verdict was returned on May 22, 1992. Appellant's motion for new trial was filed on June 24, 1992 and denied on December 17, 1992. Appellant's notice of appeal was filed on December 31, 1992. The instant appeal was docketed on February 4, 1993 and oral arguments were heard on April 13, 1993.

have objected and secured a ruling on the admissibility of that evidence. No such ruling was ever invoked. The trial court

> did not rule [appellant's good character] evidence inadmissible, but merely informed counsel for [appellant] that if he insisted on putting it in, [it] would permit the State to introduce evidence of prior [juvenile offenses] on the theory that this evidence amounted to putting [appellant's] character in evidence. Counsel for [appellant] then chose not to put the evidence in, and under these circumstances, there is no ruling upon which this court can pass.

*Fleming v. State*, 108 Ga. App. 298, 299 (2) (132 SE2d 823) (1963).

2. Relying upon *Riggins v. State*, 226 Ga. 381, 383 (3) (174 SE2d 908) (1970), appellant urges that the trial court erroneously coerced the jury to find a verdict. The record shows the following: Shortly after beginning its deliberations, the jury asked the trial court whether it could "render a no decision on one or several counts?" The trial court responded, in part, that the jury could "render a guilty or not guilty [verdict] on any or all of these counts. . . . They don't all have to be the same. . . ." One juror then asked: "[C]an there be just no decision? Not a guilty or a not guilty?" The court responded in the negative. The juror then asked: "It has to be one or the other?" The trial court responded in the affirmative.

The jury had not indicated that it was deadlocked and the trial court's statements were not made in the context of an *Allen* charge. Compare *McMillan v. State*, 253 Ga. 520, 522 (4) (322 SE2d 278) (1984); *Riggins v. State*, supra at 383 (3). Since the jury had not indicated that it was deadlocked, the trial court's statements could not be said to have "coerced" a verdict. Instead, it appears that the trial court was merely attempting to instruct the jury that, as a preliminary matter, it could not merely decide not to decide, but was obligated to make every effort to return a verdict in the case. We find no error.

3. Appellant also enumerates the general grounds.

Appellant contends that he was merely present at the restaurant where the crimes occurred and that he was not an armed participant in his co-indictee's crimes. However, there is evidence that appellant possessed a pistol and was a willing and active participant in the armed robbery, which was the felony underlying the felony murder charge.

> As a party to the crime of armed robbery, OCGA § 16-2-20, [appellant] was liable for the consequences of his crime, including the death of the victim. [Cit.] Furthermore, the jury

was properly charged on the relevant principles of law. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found [appellant] guilty of felony murder beyond a reasonable doubt. [Cits.]

*Austin v. State,* 261 Ga. 550, 551 (1) (408 SE2d 105) (1991). See also *Roberts v. State,* 257 Ga. 180 (356 SE2d 871) (1987); *Jones v. State,* 253 Ga. 640, 641 (1) (322 SE2d 877) (1984). We further conclude that a rational trier of fact could have found appellant guilty of possession of a firearm during the commission of a felony beyond a reasonable doubt. See *George v. State,* 260 Ga. 809 (400 SE2d 911) (1991); *Witherspoon v. State,* 262 Ga. 2 (1) (412 SE2d 829) (1992). *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 10, 1993.

*Mark J. Nathan,* for appellant.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney,* for appellee.