### S93A0959. LARK v. THE STATE.
(436 SE2d 1)

CLARKE, Chief Justice.

Antione Lark was convicted of the felony murder of Wendell Neal, as well as the crimes of burglary, armed robbery, and possession of a firearm during the commission of a crime. As the defendant's conviction for felony murder was predicated on the underlying felony of burglary, the trial court merged the latter crime into the conviction for felony murder. The defendant was sentenced to life imprisonment plus a term of years.[1]

The jury was authorized to conclude from the evidence presented at trial that the defendant, along with three other accomplices, kicked their way into the victim's apartment, demanding drugs and cash. When the victim responded that he had no money, co-defendant Kenneth Nolton shot the victim twice. The victim bled to death from these wounds. A guest of the victim was also robbed and wounded by a gunshot. The defendant and his accomplices fled the apartment with a small amount of cash and two wristwatches.

A confidential informant gave information to the police implicating the defendant in these crimes. Following his arrest the defendant gave various statements to police. He initially stated he merely drove his co-defendants to the victim's apartment. After learning that his accomplices had implicated him in the crimes, he admitted that he had been inside the victim's apartment. At trial the defendant testified that he was in the apartment no more than 30 seconds and was unaware that the others planned to rob and shoot the victim. The defendant's accomplices testified that, along with Kenneth Nolton, the defendant kicked in the apartment door, and was present in the apartment when Nolton shot the victim.

1. A rational trier of fact could have found the defendant guilty

---

[1] The crimes occurred on March 30, 1992. The defendant was tried August 3-5, 1992. The jury returned its verdict on August 5, 1992, and the trial court sentenced the defendant that same day. Counsel for the defendant filed a motion for new trial on August 21, 1992, which he withdrew on August 28. The defendant subsequently filed two pro se motions for new trial. The motion filed by trial counsel was denied on October 2, and trial counsel withdrew from the case on October 23. Appellate counsel filed a notice of appeal to this court and an amended motion for new trial in which he raised the issue of trial counsel's ineffectiveness. The case was docketed in this court on December 18, 1992. On January 23, 1993, this court remanded the case to the trial court in order that it might rule on the amended motion for new trial. The trial court denied the motion on February 22, 1993, and this court heard oral argument in the case on June 15, 1993.

beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lark concedes that the evidence in this case is sufficient to support his conviction for felony murder under OCGA §§ 16-5-1 (c); 16-2-20 and 16-2-21, defining felony murder and parties to crimes. He argues, however, that the trial court erred in failing to charge, in response to a question from the jury, that "it was necessary to prove that the defendant could reasonably foresee that death could be the result of a felony, burglary or armed robbery."

To convict a defendant of the crime of felony murder, the jury must find that the defendant possessed the requisite intent to commit the underlying felony, i.e., that there is a causal relationship between the felony which the defendant intended to commit and the homicide which occurred during the course of that felony. *Holliman v. State*, 257 Ga. 209 (356 SE2d 886) (1987). Under OCGA §§ 16-2-20 and 16-2-21, one who commits a felony may be convicted of felony murder for any homicide which results during the commission of that felony, "without regard to whether he commits, intended to commit, or acted to commit the murder of the victim." *Roberts v. State*, 257 Ga. 180 (356 SE2d 871) (1987). The trial court in this case amply charged the jury on these principles of law. Further, the evidence authorized the jury to find that the defendant planned and executed the burglary along with his accomplices, thus satisfying the requirements of OCGA § 16-5-1 (c).

3. Because the trial court did not err in failing to give the charge in question, trial counsel was not ineffective in failing to request that it be given.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993.

*Christopher J. McFadden*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney*, for appellee.