S95A0026. THRASHER v. THE STATE.
(456 SE2d 578)

THOMPSON, Justice.

Jamaine Thrasher was convicted of felony murder, predicated on the underlying offense of aggravated assault, and sentenced to life in prison.[1] He appeals, raising two evidentiary enumerations of error.

---

[1] The victim was killed on November 27, 1993. Thrasher was indicted on March 14, 1994, tried by a jury, and sentenced on May 25, 1994. A motion for new trial was filed on June 1, 1994, and denied on August 1, 1994. Thrasher filed a notice of appeal on August 30, 1994, and the appeal was docketed on September 22, 1994. The case was submitted for deci-

402

We affirm.

Thrasher and a group of friends borrowed a car and went to a chaperoned party. They stayed at the party for a short period of time, then left to buy and drink beer. Before returning to the party, Thrasher and Fred Thomas put their guns (Thrasher had a .32 caliber pistol, Thomas a .38) in the glove box. The group returned to the party and Thrasher exchanged words with the victim after stepping on the victim's foot. Shortly thereafter, the chaperons called a temporary halt to the party and Thrasher and his friends went outside. One of Thrasher's friends handed Thrasher and Thomas their guns. When the victim emerged sometime later, Thrasher approached him, hit him, and shot him in the face.

1. Although Thrasher concedes the general grounds, we have reviewed the evidence and pronounce it sufficient to enable any rational trier of fact to find Thrasher guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lark v. State*, 263 Ga. 573 (436 SE2d 1) (1993).

2. Thrasher asserts the trial court erred by permitting the State to place his character into evidence by allowing one witness to testify that he observed Thrasher's group smoking marijuana before the party and another to testify he observed Thrasher's group throw a bottle into the woods. We find no error. The evidence was admissible to demonstrate the acts and circumstances leading up to the commission of the crime. *Pless v. State*, 260 Ga. 96, 97 (2) (390 SE2d 40) (1990). " '[E]vidence, if otherwise admissible, does not become inadmissible because it incidentally put the appellant's character in issue.' [Cit.]" *McKenzie v. State*, 248 Ga. 294, 296 (5) (282 SE2d 95) (1981).

3. Although Thrasher subpoenaed Fred Thomas as a witness, he objected when the State called Thomas to the stand because Thomas's name was not included on the witness list that the State provided him and he had not been able to interview Thomas. The trial court adjourned for the day to give Thrasher an opportunity to interview the witness. When the trial resumed the following morning, Thomas took the stand without further objection.

It cannot be said that the trial court erred by allowing Thomas to testify. "[T]he transcending purpose of [OCGA § 17-7-110 and USCR 30.3] is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. [Cit.]" *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30) (1974). Thus, a trial court may allow an unlisted witness to testify if the accused is given an opportunity to interview the witness prior to the time he takes the stand. *White v. State*, 253 Ga.

106, 109 (317 SE2d 196) (1984). Thrasher has not shown that his rights were jeopardized in light of the opportunity afforded him.
*Judgment affirmed. All the Justices concur.*

DECIDED MAY 15, 1995.

*Vicki E. Carter, Janet S. Willy,* for appellant.
*Harry N. Gordon,* District Attorney, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *James D. Love,* for appellee.