71928. GAY v. THE STATE.
(346 SE2d 877)

BENHAM, Judge.

This appeal is from appellant's convictions for obstruction of an officer, opprobrious and abusive language, and reckless conduct.

1. Appellant's first enumeration of error is that there was a fatal variance between the allegata and the probata with regard to the op-

probrious and abusive language charge. The accusation alleged that appellant called the arresting officer a "son-of-a-bitch" and a "God-damn son-of-a-bitch." Appellant's argument that the evidence at trial did not correspond to the allegations of the accusation is belied by the record. The arresting officer testified that after he had subdued and handcuffed appellant, he told appellant "he wasn't going to call me a goddamned sonofabitch and give me such a hard time." The officer then testified that in so doing he was merely repeating the words appellant had spoken.

"The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." *Leachman v. State*, 132 Ga. App. 423 (1) (208 SE2d 196) (1974). It is clear that the variance in the present case, if there is one, is so slight that appellant could not have been surprised by the evidence or be in danger of another prosecution for the same offense. Appellant's first enumeration of error is, therefore, without merit.

2. The general grounds are raised in appellant's second enumeration of error. The arresting officer testified that he saw a truck leave a tavern owned and operated by appellant and decided to follow it. As he turned his car around to do so, he saw the truck hastily leave the road and drive around behind a building next to the tavern, a rental property also owned by appellant. He found the truck parked behind the house, occupied by two men. Having ascertained that neither of the men had been driving the truck and that both of them were too inebriated to drive it away, the officer called for a wrecker. While the officer waited, appellant approached and began to curse the officer and to demand that he leave appellant's property immediately. When the officer explained why he was there, appellant turned toward the tavern, saying that he would get his shotgun and blow holes in the patrol car. The officer testified that he decided at that time to arrest appellant, but when he put his hand on appellant, appellant pulled back as though to hit the officer. The officer then struck appellant once in the face with a flashlight and, after a further struggle in which the officer found the use of a stun-gun necessary, managed to hand-cuff appellant.

Evidence that appellant cursed the officer immediately upon entering the officer's presence, that he threatened to get a shotgun for the purpose of shooting the patrol car and turned away as though to go get the gun, and that he drew back as though to strike the officer when the arrest was begun was sufficient to authorize any rational trier of fact to find appellant guilty beyond a reasonable doubt of the

offenses of using opprobrious and abusive language and obstruction of an officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-11-39; *Bolden v. State*, 148 Ga. App. 315 (4) (251 SE2d 165) (1978); OCGA § 16-10-24; *Carr v. State*, 176 Ga. App. 113 (1) (335 SE2d 622) (1985). For the same reason, appellant's complaint on appeal that a directed verdict of acquittal should have been granted is, as to those two offenses, without merit. *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

Appellant's argument that he could not be convicted of using opprobrious and abusive language because his utterances were in the nature of a remonstrance to an illegal arrest (see *Scott v. State*, 123 Ga. App. 675 (4b) (182 SE2d 183) (1971)), is not supported by the record. The arresting officer testified that appellant began cursing immediately upon his arrival at the scene, well before an arrest was even contemplated. It is clear, therefore, that if appellant used objectionable language, it was not in remonstrance to an illegal arrest.

As to appellant's conviction for reckless conduct, however, we are constrained to hold that the evidence did not support that conviction. "A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause the harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor." OCGA § 16-5-60. The allegations in the accusation concerning this offense, and the evidence introduced at trial, were that appellant *threatened* to get a gun and shoot the officer's car, and then turned back toward his tavern. While such speech may very well constitute the crime of terroristic threats (OCGA § 16-11-37), we do not believe it is such an "act or omission" which "causes bodily harm to or endangers the bodily safety of another person." Accordingly, appellant's conviction for reckless conduct is reversed. The issue of his entitlement to a directed verdict of acquittal on that charge is, therefore, moot.

3. The State introduced evidence that appellant had been involved in another confrontation with law enforcement officers some two years prior to the incident involved here. Appellant contends that the admission of that evidence was error because the incidents were not similar, because he had not put his character in issue, and because the prior incident was too remote in time.

The similarities between the two incidents is readily apparent from the record: in both the previous and present incidents, appellant, while under the influence of alcohol, intervened in traffic-related occurrences involving uniformed law enforcement officers in marked police vehicles and used strong language to urge the officers to leave his property. We find the incidents sufficiently similar and admissible.

See *Millwood v. State*, 164 Ga. App. 699 (1) (296 SE2d 239) (1982).

Since the prior incident was sufficiently similar, the testimony concerning that incident was admissible as an exception to the rule against evidence which puts a defendant's character in issue. Id.

Nor was the lapse of time between incidents so long as to require exclusion of the evidence. Although that is one factor to weigh in considering admissibility, it is not determinative. *Campbell v. State*, 234 Ga. 130 (214 SE2d 656) (1975). Considering the degree of similarity between the two incidents, we find no error in admission of the testimony concerning the earlier occurrence.

4. Appellant's complaint on appeal concerning the trial court's failure to charge on the statute of limitation is foreclosed by his failure to object to that omission when the trial court asked for objections to the charge. *Kelly v. State*, 174 Ga. App. 424 (4) (330 SE2d 165) (1985).

5. In his fifth enumeration of error, appellant complains of the rejection of several requested jury instructions.

The first omitted charge was that a police officer may not use deadly force to arrest for a misdemeanor, even if the suspect is attempting to flee. There was no evidence that deadly force was used on appellant and no evidence that the use of force was to prevent appellant from fleeing. That being so, the instruction was not tailored to the evidence and its omission was not error. *Price v. State*, 175 Ga. App. 780 (2) (334 SE2d 711) (1985).

There was no error in refusing to give appellant's requested charges numbered 6 and 12, concerning the State's burden of proving a lack of provocation with regard to the offense of opprobrious and abusive language: the trial court charged the jury on the elements of that offense, including lack of provocation, and on the State's burden of proving each element of each offense beyond a reasonable doubt, thus covering the principles included in the requests. *Rowell v. State*, 176 Ga. App. 309 (3) (335 SE2d 689) (1985).

Appellant also contends that the trial court erred in refusing to give two requested charges on OCGA § 35-8-17, specifically on the principle that a law enforcement officer who has not been certified pursuant to OCGA Ch. 35-8 does not have authority to exercise the power of arrest. See *Mason v. State*, 147 Ga. App. 179 (7) (248 SE2d 302) (1978). We find no error for two related reasons.

First, "[w]hen a requested charge deals with a matter not in issue, it is not error for the trial court to deny the request. [Cit.]" *Jones v. State*, 159 Ga. App. 704 (3) (285 SE2d 45) (1981). Although appellant made an issue at trial of the legality of his arrest, no issue was made of the arresting officer's authority to exercise arrest powers generally. Compare *Harvey v. State*, 165 Ga. App. 7 (2) (299 SE2d 61) (1983). *Mason*, supra, does not require a different result. Although

the opinion in that case is silent concerning the manner in which the issue was raised, we must presume it was raised at trial since the result in *Mason*, reversal for refusal to give the requested charge, would otherwise be inconsistent with the principle stated in *Harvey*, supra.

Second, the requests to charge on this issue were not submitted to the trial court "at the commencement of trial," as is required by Rule 10.3 of the Uniform Rules for the Superior Courts. Appellant contends that the requests were timely under the proviso in that rule that "additional requests may be submitted to cover unanticipated points which *arise* thereafter." That argument fails for the same reason the charges were inapplicable: the point of the officer's qualifications never arose at trial.

Finally, appellant contends that the trial court's rejection of a charge based on *Scott v. State*, supra, was error. We disagree because, as noted above, the evidence showed that appellant either cursed the officer prior to his arrest or not at all. Thus, the requested charge based on *Scott* was not tailored to the evidence and its refusal was not error. *Price*, supra.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986.

*Stephen E. Curry*, for appellant.

*Dennis C. Sanders, District Attorney, Margaret E. McCann, Assistant District Attorney*, for appellee.