72811. PATTERSON v. THE STATE.
(351 SE2d 503)

BEASLEY, Judge.

Defendant, charged with simple battery (OCGA § 16-5-23 (a) (2)), public drunkenness (OCGA § 16-11-41 (a)), and obstruction of an officer (OCGA § 16-10-24), appeals from his conviction of battery and public drunkenness on the general grounds. He was tried before the court without a jury.

1. Although the evidence was conflicting, construing it with every inference and presumption in favor of the judgment, there was sufficient evidence from which a rational trier of fact could find defendant guilty of public drunkenness beyond a reasonable doubt. See *Bush v. State*, 179 Ga. App. 103, 104 (345 SE2d 651) (1986); *Fair v. State*, 172 Ga. App. 49, 50 (3) (321 SE2d 790) (1984).

He was exiting a private club with his wife when he swung and threw a cooler containing beer and ice. It landed against the wall of the club. While he acknowledged throwing the cooler, he denied striking his wife with it. Three sheriff's deputies, waiting to ensure that the club closed at the required time, were standing outside. Two of the deputies stated that the cooler struck the wife, although the wife and their daughter denied it. One deputy testified she was knocked down by the blow; the other's attention was fixed on appellant. The deputies restrained defendant and two testified that he smelled of alcohol. Each deputy testified either that defendant was "cussing," "talking pretty loud," or was "irate and acting unreasonably." These facts support the two elements of public drunkenness: (1) an intoxicated person in a public place, and (2) which condition is manifested by "boisterousness, . . . or by vulgar, profane, loud, or unbecoming language." OCGA § 16-11-41 (a); *Ridley v. State*, 176 Ga. App. 669, 670 (337 SE2d 382) (1986); *McArthur v. State*, 169 Ga. App. 263, 264

(2) (b) (312 SE2d 358) (1983).

2. Next considering the simple battery count, the accusation charged only the elements of OCGA § 16-5-23 (a) (2), i.e., intentionally causing physical harm to another.

The evidence concerning the hitting of the wife was in conflict. Two officers testified that the cooler hit the wife in the back or head. One officer stated that she was knocked to her knees by the blow. A third officer did not see the hitting. The defendant, his wife, and daughter all testified that the cooler did not hit the wife.

" 'Our responsibility on appeal is not to weigh the evidence and give a de novo opinion as to the weight of the evidence but merely to determine if there is sufficient evidence to authorize the trial court's judgment' [Cit.]" when that evidence is "viewed in the light favorable to the verdict." *Thomas v. State*, 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985). The weight of the evidence and the credibility of the witnesses are questions for the factfinder. OCGA § 24-9-80; *King v. State*, 178 Ga. App. 343 (1) (343 SE2d 401) (1986); *Burnette v. State*, 165 Ga. App. 768, 769 (2) (302 SE2d 621) (1983). In making this determination, the factfinder may consider the relationship of the witnesses to the party involved and their feelings toward the party. OCGA § 24-9-68.

Here, the factfinder apparently chose to believe the testimony of the two officers, as was his prerogative. *Kilgore v. State*, 177 Ga. App. 656, 658 (1) (340 SE2d 640) (1986).

Although the wife denied the hitting, the factfinder may draw reasonable inferences from the evidence presented. OCGA § 24-4-9. The factfinder here could infer that some physical harm was inflicted, from the evidence that she was hit by the beer cooler thrown by appellant. *Owens v. State*, 173 Ga. App. 309, 312 (3) (326 SE2d 509) (1985). Thus the evidence supported the conviction beyond a reasonable doubt.

We note that on appeal the state argues that the evidence at least supports a conviction of making contact of an insulting or provoking nature, OCGA § 16-5-23 (a) (1). When a statute provides that an offense may be committed in more than one manner and the charge alludes to only one, the state must prove the offense charged. *Owens*, supra at 312 (4).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 26, 1986.

*David E. Ralston*, for appellant.

*Roger G. Queen, District Attorney*, for appellee.