74138. WATKINS v. THE STATE.
(360 SE2d 47)

BENHAM, Judge.

Appellant was convicted of aggravated assault and obstructing an officer. On appeal, he contends that the evidence was insufficient to support the conviction for aggravated assault and that he was entitled to a directed verdict of acquittal on the obstruction of an officer charge.

The aggravated assault charge resulted from an episode of domestic violence involving appellant and his wife, Delois Smith. A police officer testified that appellant and Smith were still embroiled in the dispute when the officer arrived at their home in response to an emergency call for help from Smith, and that the officer was told by Smith that appellant had beaten her with a chair, threatened her with a gun, and stabbed her with a pair of scissors. The officer also testified that after Smith told her where the scissors were, the officer found them, along with a knife and a gun. Smith identified the scissors to the officer as those with which appellant had stabbed her and showed the officer a fresh stab wound on her back and blood on her clothes. Two emergency medical technicians called to the scene testified that Smith had a fresh puncture wound on her back and blood on her clothing. One of them testified that the wound was consistent with having been inflicted by the scissors. Several witnesses testified that the scene was disordered, as by violence.

Testifying for the defense at trial, Smith recanted her statements to the police, but did admit on cross-examination that she had made the statements at the time of the incident. She also testified that she and appellant had reconciled their differences about a week after his arrest. Appellant testified on his own behalf, denying that he stabbed Smith, but admitting that he had held the scissors to her back in order to force her to drop the gun with which she was threatening him.

The charge of obstructing an officer arose from appellant's violent resistance to being arrested for aggravated assault. The evidence is uncontradicted that it took four men to restrain appellant. Even so,

they were unable to handcuff appellant without his cooperation, which he finally gave after the combatants had reached a stalemate.

1. As to the aggravated assault charge, appellant's argument is that since Smith recanted the statements she made at the scene, there is insufficient probative evidence to convict him on that charge. We note, however, that testimony of Smith's statements to the police officer regarding the stabbing was substantive evidence of appellant's guilt (*Gibbons v. State*, 248 Ga. App. 858 (286 SE2d 717) (1982)), despite Smith's subsequent recantation. *Brown v. State*, 175 Ga. App. 246 (1) (333 SE2d 124) (1985).

" 'Our responsibility on appeal is not to weigh the evidence and give a de novo opinion as to the weight of the evidence but merely to determine if there is sufficient evidence to authorize the trial court's judgment' when that evidence is 'viewed in the light favorable to the verdict.' [Cit.] The weight of the evidence and the credibility of the witnesses are questions for the factfinder. [Cits.] In making this determination, the factfinder may consider the relationship of the witnesses to the party involved and their feelings toward the party. [Cit.] Here, the factfinder apparently chose to believe the testimony of the [witnesses for the State], as was [its] prerogative. [Cit.] Although the wife denied the [stabbing], the factfinder may draw reasonable inferences from the evidence presented." *Patterson v. State*, 181 Ga. App. 68 (2) (351 SE2d 503) (1986).

The evidence at trial was sufficient to permit a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The basis for appellant's motion for directed verdict on the charge of obstructing an officer was appellant's contention that he was entitled to resist the officers because his arrest was illegal. We disagree with his assertion that the denial of his motion for directed verdict was error.

"An arrest for a crime may be made by a law enforcement officer . . . without a warrant . . . if the officer has probable cause to believe that an act of family violence, as defined in Code Section 19-13-1, has been committed or a criminal offense as set forth in paragraphs (1) and (2) of Code Section 19-13-1 has occurred between persons of the opposite sex dwelling together openly in a meretricious relationship. . . ." OCGA § 17-4-20 (a). The uncontradicted testimony of the police witness concerning the victim's statement accusing appellant of stabbing her, the presence of a stab wound on the victim's back, the presence of several weapons, and the disordered condition of the scene clearly established at trial that the officers had probable cause to believe that an act of family violence had occurred. Therefore, appellant's arrest was not invalid for a lack of probable cause.

Appellant relies on *Thompson v. State*, 248 Ga. 343 (1) (285 SE2d 685) (1981), for the proposition that his warrantless arrest was illegal because it took place in his home without his consent. However, the Supreme Court held in that case that Thompson's arrest was illegal "because it took place in his home without a warrant and *without either exigent circumstances or his consent.* [Cits.]" Id. (Emphasis supplied.) Since the evidence here clearly established exigent circumstances, appellant's reliance on *Thompson* is misplaced. Similarly, *Smith v. State*, 84 Ga. App. 79 (65 SE2d 709) (1951), cited by appellant, is inapposite in that the warrantless arrest there was found to be illegal because there was no statutory authority for it; as we have shown above, appellant's warrantless arrest was expressly authorized by statute.

Since the evidence of record authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of obstruction of an officer (*Jackson v. Virginia*, supra; *Gay v. State*, 179 Ga. App. 430 (2) (346 SE2d 877) (1986)), it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Carley, Pope, and Beasley, JJ., concur. Birdsong, C. J., Banke, P. J., and Sognier, J., concur in part and dissent in part.*

BANKE, Presiding Judge, concurring in part and dissenting in part.

I concur fully with the affirmance of the appellant's conviction of obstructing an officer, it being clear beyond dispute that the arresting officers had probable cause to believe the appellant had committed an aggravated assault against his wife. Indeed, based on the circumstances apparent at the scene, the officers were not merely authorized to arrest the appellant for aggravated assault, they would have been remiss had they not done so. See generally OCGA § 17-4-20 (a). I cannot agree, however, that the evidence presented at trial was sufficient to support a *conviction* of aggravated assault.

The appellant was convicted and sentenced to 20 years imprisonment for an offense which both he and his wife, the only witnesses to the incident, testified never occurred. The wife's testimony at trial was to the effect that she pulled a gun on the appellant during the course of a domestic quarrel in their home; that the appellant struggled with her for possession of the weapon; that during the course of the struggle the two of them fell across a coffee table, knocking a pair of scissors to the floor; that as they continued to struggle, the appellant "got the scissors and put them in my back and tried to take the gun away from me"; and that after she put down the gun, he put down the scissors. Although the wife indicated that the scissors might

have been responsible for the wound in her back, she expressed some uncertainty about this, stating that the wound might also have been caused by "some of the glass when I fell on the table. . . ."

The majority chooses to disregard this testimony, characterizing it as a "recantation" of the witness' earlier statement to police officers that the appellant had "stabbed" her with the scissors. It strikes me, however, that the wife's trial testimony may more appropriately be characterized as an explanation or amplification of her earlier statement than as a "recantation" of it. In both versions, the wife maintained that she had been stabbed by the scissors or by some other object during the course of a domestic quarrel; but while her statement at the scene, standing alone, suggests that the appellant deliberately assaulted her with the scissors, her testimony at trial reveals that he in fact used the scissors defensively rather than offensively and that the stabbing may even have been accidental. Under such circumstances, the wife's out-of-court statement constitutes a slender reed indeed upon which to base a felony conviction.

It has, of course, long been the rule in this state that the jury is obliged, where possible, to reconcile any apparent conflicts in the testimony so as to make each witness speak the truth. See, e.g., *Stuckey v. State*, 213 Ga. 525 (2) (100 SE2d 189) (1957); *Cotton v. State*, 81 Ga. App. 753, 755 (59 SE2d 741) (1950). Moreover, the sufficiency of the evidence in a criminal case may no longer be evaluated under the "any evidence" standard; rather, it must appear that the evidence *as a whole* was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). I do not believe that the evidence in this case, when viewed in its entirety, supports the appellant's conviction and 20-year sentence for aggravated assault, and I would consequently reverse that portion of the judgment. This court's decision in *Patterson v. State*, 181 Ga. App. 68 (351 SE2d 503) (1986), relied on by the majority, does not support the affirmance of the aggravated assault conviction in the present case, as the offense at issue there was witnessed not only by the victim but also by two deputy sheriffs.

I am authorized to state that Chief Judge Birdsong and Judge Sognier join in this opinion.

DECIDED JULY 10, 1987 —
REHEARING DISMISSED JULY 23, 1987.

*Shane M. Geeter*, for appellant.

*Joseph H. Briley, District Attorney*, for appellee.