A89A0263, A89A0264. COLLINS et al. v. THE STATE.
(381 SE2d 555)

McMURRAY, Presiding Judge.

During the early morning hours on October 11, 1987, Annie Margaret Stanley was entertaining friends in her apartment. One such friend was Alexis Terrell Lankford. Stanley and Lankford were not dating; but they had been seeing each other occasionally.

Before Stanley met Lankford, she lived with defendant Willie Jack Collins. They lived together "off and on" during the period of time that Stanley and Lankford had been seeing each other.

On the night in question, Collins arrived at Stanley's apartment and suggested that Lankford start "packing." Then, Collins left.

Stanley and Lankford walked outside. They stood in a breezeway and talked. After awhile, Willie Jack Collins returned. He walked up to Stanley and Lankford in the breezeway and grabbed Stanley. Lankford grabbed Collins and they began to tussle. Stanley tried to break up the fight. Collins yelled, "Cap'm, cap'm." At that point, Charles Edward Collins, the brother of Willie Jack Collins, appeared in the breezeway, hollered, "You ain't going to do nothing," and fired

a gun two times. Lankford began running. Looking back he saw Willie Jack Collins firing a pistol at him.

In the meantime, Stanley managed to obtain Charles Edward Collins' gun. (Stanley testified at trial that she found the gun in the bushes. She told the police, however, that Charles Edward Collins pointed the gun at her and threatened to kill her; that they struggled; and that she managed to get the gun away from him.) She brought Charles Edward Collins inside her apartment and they awaited the arrival of the police. Meanwhile, Willie Jack Collins fled.

When the police arrived, Stanley gave them Charles Edward Collins' gun. It was observed that the gun had been fired recently — two cartridges were spent.

Charles Edward Collins and Willie Jack Collins were convicted felons and following the October 11, 1987, incidents they were indicted. Charles Edward Collins was charged in Count 1 with the aggravated assault of Annie Margaret Stanley; in Count 3 he was charged with possession of a firearm during commission of a certain crime (aggravated assault); and, in Count 5 he was charged with possession of a firearm by a convicted felon. Willie Jack Collins was charged in Count 4 with possession of a firearm during commission of a certain crime (aggravated assault); and, in Count 6 he was charged with possession of a firearm by a convicted felon. In Count 2, Charles Edward Collins and Willie Jack Collins were charged jointly with the aggravated assault of Alexis Terrell Lankford.

Following a jury trial, defendants were convicted on each count of the indictment in which they were respectively charged. Upon the imposition of sentences in each case, defendant Charles Edward Collins appeals in Case No. A89A0263 and defendant Willie Jack Collins appeals in Case No. A89A0264. *Held*:

## Case No. A89A0263

1. At trial, Stanley testified that she found Charles Edward Collins' gun under a bush. Over a hearsay objection, an investigating officer was permitted to testify that Stanley told him she wrestled the gun away from Charles Edward Collins after he threatened to shoot her. In his first enumeration of error, defendant Charles Edward Collins asserts the trial court erred in permitting the investigating officer to so testify. We disagree. The prior inconsistent statement which Stanley made to the police was admissible as substantive evidence. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717). It was not subject to a hearsay objection.

2. The trial court did not err in refusing to charge the jury concerning simple assault. Because each assault was committed with a gun, simple assault could not be considered a lesser included offense.

*Zachery v. State*, 158 Ga. App. 448, 449 (3) (280 SE2d 860); *Petty v. State*, 179 Ga. App. 767, 768 (4) (347 SE2d 663). Besides, no written request to charge on simple assault was submitted in the trial court. See *Parker v. State*, 181 Ga. App. 590, 591 (3) (353 SE2d 83).

3. The evidence was sufficient to enable any rational trier of fact to find defendant Charles Edward Collins guilty of the crimes for which he was charged and convicted beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

### Case No. A89A0264

4. Defendant Willie Jack Collins asserts the trial court erred in refusing to sever the offense of possession of a firearm during the commission of a certain crime (aggravated assault) from the other offenses. This assertion is devoid of merit.

Prior to trial, defendant moved the court to sever the offense of possession of a firearm by a convicted felon. That motion was granted and a bifurcated trial was conducted accordingly. At no point, however, did defendant seek the severance of the offense of possession of a firearm during the commission of a certain crime (aggravated assault). He cannot now complain that the trial court did not sever that offense from the other offenses.

Even if defendant had moved to sever the offense of possession of a firearm during the commission of a certain crime (aggravated assault), we would find no error. The evidence introduced in support of the aggravated assault offense and the possession of a firearm during the commission of a certain crime (aggravated assault) offense was virtually the same and the evidence of one crime would have been admissible in the trial of the other crime. It could not have been said, therefore, that the trial court abused its discretion in failing to sever these offenses. See *Catchings v. State*, 256 Ga. 241, 243 (4) (347 SE2d 572).

5. The evidence was sufficient to enable any rational trier of fact to find defendant Willie Jack Collins guilty of the crimes for which he was charged and convicted beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307, supra.

*Judgments affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 6, 1989.

*Karen Wardlaw & Associates, William W. West*, for appellant (case no. A89A0263).

*Gloria Darty Reed*, for appellant (case no. A89A0264).

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant*

*District Attorney*, for appellee.