### A91A1027. MILLER v. THE STATE.
(406 SE2d 565)

McMURRAY, Presiding Judge.

Defendant Miller appeals his conviction of the offense of reckless conduct. *Held:*

Defendant contends that the evidence was not sufficient to authorize his conviction. The evidence at trial, stated in the light most favorable to the State, shows that shortly after the alleged victim, Hunter, left defendant's pawn shop he was accosted by defendant. Hunter, who was walking, was overtaken by defendant in an automobile. Defendant pulled his vehicle over to the side of the road, got out, and started asking Hunter about what he had taken from the store. Hunter replied that he had taken nothing. Hunter invited defendant to search him after he noticed that there was a handgun on the floorboard of defendant's car. Hunter testified that he was scared because of the presence of the gun, but there is no evidence that defendant threatened Hunter with the gun or even remained within reach of the gun during most of the incident. After finding that Hunter had nothing on his person that had been taken from the pawn shop, defendant got back in his car and, as he was leaving, he drove over Hunter's foot.

A person is guilty of reckless conduct when he "causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . ." OCGA § 16-5-60 (b). Applied to the facts of the case sub judice, we find no violation of this statute even though defendant's conduct may well have constituted a violation of other criminal statutes. See *Briard v. State*, 188 Ga. App. 490, 493 (5) (373 SE2d 239) and *Gay v. State*, 179 Ga. App. 430, 431 (2), 432 (346 SE2d 877).

Particularly in view of Hunter's consent, defendant's search of Hunter was not an act or omission which caused bodily harm to or endangered the bodily safety of another person. See *Gay v. State*, 179 Ga. App. 430, supra. The running over of Hunter's foot was either an accident caused by simple negligence or a deliberate attack with the automobile which constituted the felony of aggravated assault. There was no evidence of such gross negligence as would bring the incident within the scope of OCGA § 16-5-60 (b). See *Briard v. State*, 188 Ga. App. 490, supra. The evidence does not authorize a rational trier of

fact to find defendant guilty beyond a reasonable doubt of the offense of reckless conduct. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 17, 1991.

*L. Scott McLarty*, for appellant.

*Ken Stula, Solicitor, Kenneth W. Mauldin, Assistant Solicitor*, for appellee.