## A91A1054. FITZ v. THE STATE.
(410 SE2d 186)

ANDREWS, Judge.

Fitz was convicted by a jury on five counts of burglary and sentenced to ten years concurrently on each count. He was also ordered to pay restitution for damages incurred by the victims on each count.

The evidence against Fitz was entirely circumstantial. Construed in favor of the verdict, the evidence showed that at approximately 3:00 a.m. on June 4, 1990, police began responding to reports of numerous burglaries and attempted burglaries at businesses in the city of Folkston. No suspects were apprehended or observed at any of the businesses. Police discovered similar boot prints in and around some of the businesses, evidence of forced entry by a tool used to pry open doors or windows, and the theft of about $160 and other miscellaneous items taken from various businesses. At approximately 3:40 a.m. a police officer observed a man running within a few blocks of some of

the businesses, but the officer was only able to determine that the man was about 5´8´´ to 5´9´´ tall, of average build, and was wearing dark clothing and a baseball style cap. At about 9:00 a.m. a deputy was approached by a man walking in Folkston, later identified as the defendant, who asked the deputy if they had caught the man yet. At about 10:00 a.m., in an abandoned warehouse a mile outside of Folkston, police discovered several bags of clothing, boots with soles leaving an imprint consistent with the boot tracks found at various of the businesses, a folder containing papers bearing the name of Henry Fitz, a crowbar, three screwdrivers, a flashlight, gloves, a bag of condoms, and miscellaneous other items. The flashlight and one of the screwdrivers were positively identified at trial as taken from two of the burglarized businesses. The owner of another burglarized business testified that a gag gift, a sack of condoms, had been stolen, and identified the condoms found by the police as being in a similar package as those stolen.

About 30 minutes after finding the items in the warehouse, police approached the defendant, who was walking about a quarter of a mile from the warehouse, and arrested him after he identified himself as Henry Fitz. At the time of his arrest, Fitz was wearing a light colored shirt, and had $174 in currency and $11 in quarters on his person. Fitz could not be identified as the man police observed running near the scene of the burglaries, but he was of the same general build and height. After being informed of his constitutional rights, Fitz gave the police conflicting stories of how he had arrived in Folkston. Fitz denied any involvement in the burglaries. Although he admitted that the papers bearing his name, and some of the clothes found at the warehouse were his, he said he had never been to the warehouse, and claimed to have no knowledge of the boots or any of the tools found with his clothes. He testified that his clothes and papers had been stolen earlier from a restaurant in Folkston where his brother had dropped him off to visit a friend. He explained that while looking for his missing clothes, he learned that the police were searching for a burglary suspect, and for that reason he approached the deputy and asked if they had caught the man.

In the five count indictment, Fitz was charged and convicted of burglarizing the following businesses: Taylor Timber Shop (count one); Okefenokee Restaurant (count two); Taylor's Cleaners (count three); Folkston Gas Company (count four), and Folkston Auto Supply (count five).

As to count one, evidence showed that sometime between the close of business on June 3 and the morning of June 4, Taylor Timber Shop was illegally entered when a window was pried open. An employee of the shop identified a screwdriver found at the warehouse with the defendant's clothes as having been taken from the business.

As to count two, the only evidence was that Okefenokee Restaurant was illegally entered between the close of business on June 3 and the morning of June 4 by someone who pushed in a window. Testimony that $10 to $14 in quarters was taken from the cash register was clearly hearsay, and though unobjected to, has no probative value and cannot be considered. *Shaver v. State*, 199 Ga. App. 428, 429-430 (405 SE2d 281) (1991).

As to count three, the owner of Taylor's Cleaners testified that during the evening and morning of June 3-4 a door had been kicked in at his business, and there were marks indicating someone had attempted to pry open the cash register. He also identified a flashlight found by the police with the defendant's clothing as one taken from his business.

As to count four, an employee of Folkston Gas Company testified that upon opening the business on the morning of June 4, he discovered that, sometime after the close of business on the previous day, the back door of the business had been broken out of its door jamb and opened. He observed that a locked cabinet in the business had been pried from the wall and that four $20 bills had been taken from the cash drawer. In his opinion, the pry marks were consistent with the use of the crowbar found by the police.

As to count five, the owner of Folkston Auto Supply testified that sometime between the close of business on June 3 and the morning of June 4, the door to the business had been pried open and $60 to $80 taken from the cash drawer. A gag gift, a sack of condoms, was also taken from the business. Although he was unable to say positively that the condoms found with the defendant's clothing were taken from his business, he testified they looked the same, and were in the same kind of package.

Fitz claims the trial court erred in denying his motion for a new trial because the verdict was not supported by the weight of the evidence. An appellate court does not weigh the evidence or pass on witness credibility, but determines only the sufficiency of the evidence. *Robinson v. State*, 194 Ga. App. 432, 433 (390 SE2d 652) (1990).

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences or hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. Questions as to reasonableness generally are to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will

not disturb that finding, unless the verdict of guilt is unsupportable as a matter of law." (Citations and punctuation omitted.) *Ware v. State*, 198 Ga. App. 24, 26 (400 SE2d 384) (1990); *Muckle v. State*, 165 Ga. App. 873 (303 SE2d 54) (1983).

We conclude the evidence was sufficient to sustain Fitz's conviction on counts one, three, four and five, but not on count two.

As to count two, the evidence may create a strong suspicion that Fitz burglarized the Okefenokee Restaurant, but mere suspicion is insufficient to support a conviction. *O'Quinn v. State*, 153 Ga. App. 467, 471-472 (265 SE2d 824) (1980). Other than the fact that Fitz was convicted of burglarizing other businesses in the same general area at approximately the same time, there is no evidence linking him to the restaurant burglary. Proximity without additional evidence of participation in the crime is insufficient to support the conviction. *Crumley v. State*, 185 Ga. App. 795, 796 (366 SE2d 171) (1988). There was no evidence of boot prints at the restaurant consistent with the boots found with Fitz's clothing, nor was any item stolen from the restaurant tied to Fitz. No pry marks were found at the restaurant, similar to the burglaries at other businesses, which could have been made by the tools found with Fitz's belongings. The only evidence which could have provided the necessary connection, the quarters taken from the cash register, was introduced by hearsay testimony lacking any probative value. Without some evidence establishing a connection between Fitz and the break-in, the proof was insufficient to exclude every reasonable hypothesis save that of guilt. See *Muckle*, supra; *O'Quinn*, supra. Accordingly, the judgment of conviction and sentence, including the order of restitution, as they apply to count two must be reversed.

In the burglaries at Taylor Timber Shop (count one), Taylor's Cleaners (count three), Folkston Gas Company (count four), and Folkston Auto Supply (count five) there was evidence connecting Fitz to each of these crimes. In three of these burglaries (counts one, three and five) the screwdriver, flashlight and condoms taken from the businesses were linked to Fitz. In count four, pry marks were found consistent with the crowbar found with Fitz's belongings. Evidence showed that a total of approximately $160 in cash was taken in the burglaries in counts four and five, and Fitz was found carrying $174 in currency and $11 in quarters at the time of his arrest. As to counts one, three, four and five the evidence excluded every other reasonable hypothesis save that of guilt, and was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment and sentence affirmed in part and reversed in part. Sognier, C. J., and McMurray, P. J., concur.*

Decided September 3, 1991.

John S. Myers, for appellant.

Harry D. Dixon, Jr., District Attorney, Deborah M. Perlis, Assistant District Attorney, for appellee.