## A91A1111. POOLE v. THE STATE.
(411 SE2d 562)

Judge Arnold Shulman.

The appellant was convicted of possession of cocaine with intent to distribute. She brings this appeal from the denial of her motion for new trial.

1. The appellant contends that the trial court erred in refusing to declare a mistrial after the state's attorney made a reference during his opening statement to a prior cocaine distribution offense committed by her. She contends that this remark was improper because the trial court had not yet held a hearing on the admissibility of the evidence in question, pursuant to Uniform Superior Court Rule 31.2. The state had served notice of its intention to present evidence of the similar transactions well in advance of trial, in compliance with Uniform Superior Court Rule 31.1, and a hearing was conducted during the trial, following which the evidence was ruled admissible. "Rule 31.3 permits the trial court to conduct the hearing 'at such time as may be appropriate . . . out of the presence of the jury.' By its language concerning the jury's presence, Rule 31.3 anticipates mid-trial as a possible appropriate hearing time. Thus, while it is preferable that the hearing be held before trial, it is not reversible error to conduct the hearing in mid-trial where, as here, appellant can show no prejudice suffered from the failure to have the hearing before trial." *Thaxton v. State,* 260 Ga. 141, 144 (6) (390 SE2d 841) (1990).

2. The appellant challenges the trial court's ruling permitting the state to introduce evidence of the similar transactions which consisted of certified copies of two prior convictions for possession of cocaine with intent to distribute and one prior conviction of sale of cocaine, to which she had pled guilty. After the state had established a prima facie case of similarity at the hearing pursuant to Uniform Superior Court Rule 31.3 (B), the proof at trial demonstrated that on two previous occasions, the appellant sold a quantity of cocaine to an undercover GBI officer; and on a third occasion, an undercover purchase of cocaine was made from an individual who handed the monetary proceeds of that sale to the appellant. Accordingly, there was adequate "evidence to establish between the independent crime[s] and the crime on trial such similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime for which [the appellant] is on trial." *Stephens v. State,* 261 Ga. 467, 469 (405 SE2d 483) (1991).

3. The appellant contends that the trial court improperly propounded questions to several witnesses in violation of OCGA § 17-8-57. However, since no objection was made to the questioning at trial, this contention presents nothing for review on appeal. See *Parrish v.*

*State*, 182 Ga. App. 247 (3) (355 SE2d 682) (1987).

4. The trial court did not err in charging the jury that "in determining the degree of credibility that shall be accorded [the appellant's] testimony, you have the right to take into consideration the fact that she's interested in the result of the prosecution as well as her demeanor and conduct upon the witness stand." See *Walker v. State*, 132 Ga. App. 274, 278 (5) (208 SE2d 5) (1974). The trial court prefaced this instruction with the charge suggested in *Hudson v. State*, 108 Ga. App. 192 (4) (132 SE2d 508) (1963), to be given in cases where the defendant elects to testify. "Th[e] interest of a witness in the result of the matter on trial, whether civil or criminal in nature, or lack thereof, is a matter which the jury is always authorized to consider in passing upon his credibility." *Walker v. State*, supra at 278.

5. The appellant contends that the trial court erred in sentencing her to life imprisonment. The state submitted evidence in aggravation of punishment showing that the appellant had been convicted of possession of cocaine with intent to distribute on five prior occasions. Thus, a life sentence was mandatory pursuant to OCGA § 16-13-30 (d). See *Grant v. State*, 258 Ga. 299 (368 SE2d 737) (1988).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 21, 1991.

*M. Randall Peek*, for appellant.

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney*, for appellee.