A92A0960. JACKSON v. THE STATE.
(424 SE2d 6)

SOGNIER, Chief Judge.

Deryk Jackson was convicted of aggravated assault and reckless conduct, and he appeals from the trial court's denial of his motion for a new trial.

Construed to support the jury's verdict, the evidence adduced at trial showed that Darrell Austin had gone to visit his young son at an apartment complex in Columbus and became involved in an argument with his son's mother. When the argument spread to include her current boyfriend, who was appellant's cousin, several people were nearby, including appellant and his brother Terrance. Appellant and Terrance intervened on behalf of their cousin, and the argument became physical. Austin testified that Terrance knocked his teeth out and appellant hit him in the head, whereupon he ran to his aunt's apartment in the same complex and told his aunt, Andrea James, and his brother what had happened. Austin testified that his brother had a "quick attitude," became enraged, and immediately left to see the Jackson brothers. Both Austin and James followed, Austin on foot and James in her car. Austin testified that he and his brother were unarmed; that appellant had a gun in his hand when Austin first saw him upon his return to the scene and immediately began shooting directly at Austin and shouting that he was going to kill him; and that he feared for his life. James testified that Austin's brother had a bat when he left the house, and that as she turned the corner in her car she saw appellant shoot into the air once near her car and then fire again several times, directly at Austin.

Appellant and other defense witnesses testified he did not have a gun and did not shoot, but ran from the scene when he was surrounded by people armed with bats, sticks, and chains.

1. Appellant first enumerates the general grounds.

(a) Although the evidence regarding the aggravated assault on

Austin was in sharp conflict, an appellate court does not weigh the evidence or pass on witnesses' credibility. It determines only the sufficiency of the evidence. *Fitz v. State*, 201 Ga. App. 83, 85 (410 SE2d 186) (1991). We hold the evidence was sufficient to authorize a conviction on the assault charge under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Collins v. State*, 191 Ga. App. 272-273, 274 (3) (381 SE2d 555) (1989).

(b) The indictment charged appellant with the offense of reckless conduct in that he did "endanger the bodily safety of Andrea James . . . by consciously disregarding a substantial and unjustifiable risk that his act, to-wit: firing a pistol in [her] direction . . . would endanger [her] safety." Appellant argues that because James testified that appellant shot first in the air and then directly at Austin, the State did not prove the allegations in the indictment with regard to the reckless conduct charge. We do not agree. Although James testified that she did not think he was deliberately firing *at* her, because he did not know her, she did testify that appellant fired a shot in the vicinity of her car, causing her to fear for her life. We find this evidence sufficient to authorize the jury to convict appellant of the reckless conduct charge as alleged in the indictment under the standard set forth in *Jackson*, supra. See *McCane v. State*, 147 Ga. App. 730 (1) (250 SE2d 181) (1978). Compare *Miller v. State*, 200 Ga. App. 57 (406 SE2d 565) (1991).

2. We find no merit in appellant's contention that the trial court violated the rule recently set forth in *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991), by admitting into evidence as a similar transaction a certified copy of appellant's prior conviction of aggravated assault. In *Stephens* the Supreme Court held that the State's establishment at a pretrial hearing of a prima facie case of similarity does not satisfy its obligation to present proof on that issue at trial. Rather, evidence must also be adduced at trial establishing a connection between the crime on trial and the independent offense "so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime . . . on trial. [Cits.]" Id. at 469 (6). In the case at bar, as in *Stephens*, the State made an offer of proof regarding similarity prior to trial. However, here, as distinguished from *Stephens*, at trial the State not only proffered the certified copy of the conviction, but called as a witness a police officer involved in the investigation of the prior crime and established, through the officer's testimony, the striking similarity of the crimes. Accordingly, the State's evidence established a logical connection between the crimes such that proof of the prior aggravated assault tended to establish the commission of the crime from which appellant was on trial. The requirements set forth in *Stephens* for admitting into evidence the certified copy of the prior

conviction were thus met. See *Poole v. State*, 201 Ga. App. 554 (2) (411 SE2d 562) (1991).

3. Appellant contends the trial court erred by finding that he received effective assistance of counsel. Appellant raised this contention below in detail in his amended motion for new trial, and the trial court's order denying that motion recites that the court heard evidence and argument before ruling on the motion. However, we are unable to address this enumeration because no transcript of the hearing on the motion for new trial is included in the record, and we have ascertained that the hearing was not transcribed. "Absent a transcript, we must assume the ruling of the trial court is supported by the evidence." (Citations and punctuation omitted.) *Collins v. State*, 200 Ga. App. 71, 72 (2) (406 SE2d 520) (1991).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 — 

*William J. Mason*, for appellant.

*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Assistant District Attorney*, for appellee.