### A94A0941. WILLIS v. THE STATE.
(448 SE2d 755)

RUFFIN, Judge.

The appellant was convicted of two counts of burglary and sentenced to serve 20 years consecutively on each count. He appeals from the denial of his motion for new trial.

1. The appellant contends that the evidence was insufficient to support his conviction on either count of the indictment. Count 1 concerned the burglary of an auto parts store between July 26 and 27, 1989, in which two screwdrivers were taken. Five days after the burglary, the appellant's girl friend informed the police that the appellant had hidden some things under a pear tree in her yard. The police found a pry bar there, along with two screwdrivers which were positively identified as those taken in the burglary. The appellant denied having any knowledge of the screwdrivers found by the officers.

"Although . . . proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of burglary of the goods, proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary." *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). In the instant case, however, the inference arising from the appellant's unexplained possession of the stolen screwdrivers, accompanied by the evidence of the appellant's concealment of the goods, was sufficient to authorize a rational trier of fact to find the appellant

guilty beyond a reasonable doubt of burglary, as charged in Count 1 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McLendon v. State*, 210 Ga. App. 404 (2) (436 SE2d 524) (1993).

Count 2 alleged that between July 27 and 28, 1989, the appellant made an unauthorized entry into a retail warehouse where he worked, with the intent to commit a theft. Access to the warehouse had been gained by breaking through a sliding glass door in the rear of the building, and $80 to $90 were missing from a money box hidden on the premises. Also in evidence was a statement by the appellant's girl friend, made to the police prior to her knowledge of this burglary, that the appellant had told her he knew how to get into the building where he worked and knew where the money was hidden. The appellant denied any participation in that burglary and instead claimed that he was with his girl friend on the night it occurred.

"In criminal cases the corpus delicti, the identity of the stolen property, and the accused's connection with the commission of the crime, may all be established by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused. [However], [c]ircumstantial evidence is worth nothing in a criminal case if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt." (Citations and punctuation omitted.) *O'Quinn v. State*, 153 Ga. App. 467, 471-472 (265 SE2d 824) (1980).

In the instant case, although the evidence presented as to Count 2 may have created a strong suspicion that the appellant burglarized the warehouse, mere suspicion is insufficient to support a conviction. Id. " 'Proximity without additional evidence of participation in the crime is insufficient to support the conviction.' *Crumley v. State*, 185 Ga. App. 795, 796 (366 SE2d 171) (1988). . . . Without some evidence establishing a connection between [the appellant] and the break-in, the proof was insufficient to exclude every reasonable hypothesis save that of guilt. [Cits.]" *Fitz v. State*, 201 Ga. App. 83, 86 (410 SE2d 186) (1991). Accordingly, the judgment of conviction and sentence as to Count 2 must be reversed.

2. On direct examination by the State, the appellant's girl friend testified that she had lied in the statement she gave the police. The appellant contends that the trial court erred in allowing the State to impeach its own witness by admitting her prior inconsistent statement as substantive evidence without any showing of surprise or entrapment; that the statement was not made under oath and irrelevant portions, including mention of unrelated criminal transactions, were not redacted; and that introduction of the statement was prejudicial and crucial to his conviction. See OCGA § 24-9-81. We disagree.

"[A] prior inconsistent statement of a witness who takes the

stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Further, the allusions to the appellant's parole officer or other criminal acts committed by the appellant, where the evidence was otherwise relevant, did not become inadmissible because his character was inadvertently impugned. *Spencer v. State*, 236 Ga. 697 (4) (b) (224 SE2d 910) (1976); *Jackson v. State*, 209 Ga. App. 217 (3) (433 SE2d 655) (1993). Accordingly, the statement was properly admitted into evidence.

3. On direct examination, the appellant testified he did not know where the money box was hidden at the warehouse, because his employer knew he was a parolee and kept the location of the money box secret for that reason. On cross-examination, the State questioned him about the convictions for which he was placed on parole. The appellant contends that the State was thus improperly allowed to introduce evidence of prior convictions.

"Where the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination. [Cit.]" *Jones v. State*, 257 Ga. 753, 759 (1) (a) (363 SE2d 529) (1988). Since it was the appellant who introduced the topic on direct examination, he cannot now complain that the prosecutor followed up on cross-examination. *Mitchell v. State*, 193 Ga. App. 214 (2) (387 SE2d 425) (1989).

4. The appellant contends that his motion for new trial should have been granted because of the ineffective assistance of his trial attorney. An evidentiary hearing on this ground was held, at which the appellant was represented by different counsel. The trial court concluded that the "shortcomings" of trial counsel enumerated by the appellant did not amount to incompetence, and denied the motion.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be affirmed unless clearly erroneous. [Cit.]" *Mack v. State*, 212 Ga. App. 187, 188 (2) (441 SE2d 503) (1994). The trial court's order was well-reasoned, thorough and complete, and its finding was not clearly erroneous. Therefore, the denial of the appellant's motion for new trial as to this issue was authorized. See *Gibbs v. State*, 213 Ga. App. 117, 118 (1) (443 SE2d 708) (1994).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED SEPTEMBER 16, 1994.

*Adams & Adams, W. Allen Adams, Jr.*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney,* for appellee.