## A96A1371. COPPS v. THE STATE.
### (478 SE2d 390)

BEASLEY, Chief Judge.

Copps was convicted of sale of cocaine (OCGA § 16-13-30) and given a sentence of life imprisonment.

1. He challenges the sufficiency of the evidence, which we view with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986). Conflicts in the testimony of the witnesses raise credibility, a matter for the jury. *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

The State's evidence showed that an undercover police officer and confidential informant were involved in an undercover drug investigation in Camden County. The informant, in the presence of the officer, called Copps and told him she wanted to purchase five pieces of crack cocaine for $100. The officer and informant went to

Copps' trailer in the officer's vehicle, which was equipped with a video camera. After they arrived, the informant attempted unsuccessfully to lure Copps to the vehicle so the drug buy could be recorded. Copps produced the cocaine when the informant and officer went into the trailer. The officer took it, gave him the money, and left with the informant.

The officer testified she did not wear a tape-recording device because she has been patted down before. The informant testified she tried unsuccessfully to record the drug buy at a motel room equipped with a video camera, but Copps refused to go to that location. Copps testified that he refused to sell any cocaine to the undercover officer and informant. His testimony was supported by that of his girl friend, who was at his trailer at the time in question.

Viewed in the light most favorable to the verdict, the evidence was clearly sufficient to authorize a rational trier of fact to find Copps guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) (1994).

2. Copps attempted to file a motion to remand this case to the trial court for a hearing on the issue of ineffective assistance of trial counsel.

Copps was represented at trial by the public defender. This appeal was docketed on March 12, 1996. On March 22, the public defender filed a request for an extension of time for filing an enumeration of errors and brief. On March 25, we granted an extension until April 22. On March 26, we received a request for an extension of time for filing an enumeration of errors and brief by private counsel who stated that he had been retained by Copps on March 25. Counsel did not comply with Court of Appeals Rule 9 (e), requiring any withdrawal or substitution of attorneys of record in this court to be communicated to the court in writing with a copy to substituted counsel and opposing counsel. Two independent counsel cannot separately represent a party at the same time.

Inadvertently unaware at the moment of the earlier extension granted to the public defender, we entered an order on April 1 granting an extension until April 15 to file appellant's enumeration of errors and brief. On April 12, the public defender filed the enumeration of error reviewed in Division 1 and a supporting brief. The State thereafter served him with a copy of its appellate brief on April 30. On April 22, private counsel filed a motion to remand for consideration of a new ineffective assistance of counsel claim, with service on the district attorney. This tardy filing was in lieu of an enumeration of errors and brief for which he was erroneously given an extension.

The motion to remand is denied as untimely and improperly filed. When counsel filed the motion, he had not complied with the

rules of this Court so as to become Copps' attorney of record. Compare *Wilder v. State*, 220 Ga. App. 694, 695 (2) (469 SE2d 549) (1996).
*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 30, 1996 —
RECONSIDERATION DENIED NOVEMBER 13, 1996.

*Clyde M. Urquhart, Tony L. Axam*, for appellant.
*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.