A08A2160. PARKER v. THE STATE.
(677 SE2d 345)

BARNES, Judge.

Following a jury trial, Ronald Herman Parker appeals his convictions for burglary and criminal trespass. He contends the evidence was insufficient to support the jury's verdict and the trial court erred in denying his motion for a mistrial. Because the evidence against Parker was entirely circumstantial and did not exclude every reasonable hypothesis save his guilt, we reverse.

On appeal, the presumption of innocence no longer avails and we view the evidence in a light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849) (1988). Viewed in that light, the evidence at trial showed that Parker met the victim through the victim's friend, from whom Parker rented a room. The victim testified Parker tried to sell him a saw about five days before the incident and he told Parker he was not interested in buying it. The victim left town for a few days and returned to find a message on his answering machine from Parker stating he had left the saw in the victim's barn, which does not have a lock. The victim testified he never gave Parker permission to go into the barn or to be at his house. The victim surveyed his barn and did not notice anything missing, but when he returned the next day for his guitar he realized it was gone, along with his son-in-law's guitar and a generator.

Parker subsequently called the victim to ask if he could come by to talk about selling the saw. The victim said yes and called the police. When Parker arrived, he asked if he could use the victim's tools to saw a hole in a small safe he had left in the victim's barn, along with the saw. The victim said yes, "to keep him occupied until the police got there." When the police arrived they arrested Parker.

About three months after Parker's arrest, a friend of his told the victim that Parker had brought over a machine fitting the descrip-

tion of the victim's generator. He testified, however, that he was not sure whether the item was a generator or an air compressor and never saw the guitars, although he had seen Parker's saw and small safe. The friend also testified that he thought he saw the items about two weeks before Parker's arrest. On cross-examination, the victim admitted he had worked on a friend's four-wheeler before leaving town and the friend retrieved the vehicle from the barn while he was gone. Defense counsel also elicited testimony from the victim that this friend had seen Parker at the barn when he picked up the four-wheeler, and that Parker told him he was putting his saw in there, describing Parker to the victim as "acting fidgety and stuff."

The victim's friend with whom Parker was staying at the time of the incident testified Parker told her he was going over to the victim's to leave the saw and she told him the victim was out of town. She went to the victim's house to charge her cell phone later that day because her power was off, and when she arrived Parker was there with his vehicle "backed in beside the shop and the barn." Parker explained he was leaving the saw, and she left the victim's house before he did. Further, she did not see Parker remove anything from the barn.

1. Regarding the burglary conviction, Parker argues the evidence does not eliminate the reasonable hypothesis that he entered the victim's barn for the purpose of leaving the saw and old safe rather than to commit theft. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. When it meets this test, circumstantial evidence is as probative as direct evidence. *Christmas v. State*, 171 Ga. App. 4, 7 (2) (318 SE2d 682) (1984). Further, circumstantial evidence only must exclude every other *reasonable* hypothesis save the defendant's guilt, not every *possible* inference or hypothesis. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

The State "does not dispute Appellant's contentions concerning the law on circumstantial evidence," but argues that the "vast majority of the evidence [in this case] is direct" because eyewitnesses saw Parker on the victim's property and "eyewitness testimony is the very definition of direct evidence." We disagree with the State's characterization of the evidence. The witnesses did not see Parker take anything, and the evidence in this case pointing to Parker's guilt is entirely circumstantial.

> Traditionally, the term "direct evidence" pertains to the testimony of witnesses. . . . This adds little, if anything, to the task of distinguishing direct from circumstantial evi-

dence because the witness may not be testifying about a fact which immediately points to the question at issue. He may, instead, be testifying about a fact which only tends to establish the issue.

(Citation and punctuation omitted.) *Stubbs v. State*, 265 Ga. 883, 884-885 (2) (463 SE2d 686) (1995). Further, "[d]irect evidence is that which is consistent with *either* the proposed conclusion *or* its opposite; circumstantial evidence is that which is consistent with *both* the proposed conclusion *and* its opposite." Id. at 885.

All of the evidence presented at trial was consistent with both the State's position that Parker stole from the victim and Parker's position that he was at the barn to drop off the saw. In fact, the one witness who placed Parker at the victim's barn did not see Parker take anything and confirmed that Parker said he was there to leave the saw. "Proximity without additional evidence of participation in the crime is insufficient to support the conviction." (Citation and punctuation omitted.) *Willis v. State*, 214 Ga. App. 659, 660 (1) (448 SE2d 755) (1994). The other "eyewitness" testimony elicited by defense counsel during cross-examination of the victim regarding his friend's observation of Parker's "fidgety" demeanor was hearsay and has no probative value. *Fitz v. State*, 201 Ga. App. 83, 85 (410 SE2d 186) (1991).

Because all of the evidence in this case was circumstantial, the proper standard is whether the evidence is consistent with the hypothesis of guilt and excludes every other reasonable hypothesis. We find that it does not exclude every other *reasonable* hypothesis. "[T]he evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences . . . , beyond reasonable doubt, of guilt." (Citations and punctuation omitted.) *Fitz*, supra, 201 Ga. App. at 85.

The State's burglary case was based solely on evidence that Parker was at the residence to drop off the saw while the victim was out of town, and was seen with an orange and black piece of equipment that could have been an air compressor or a generator two weeks before he was arrested, well before the alleged burglary took place. Although this evidence "may have created a strong suspicion that the appellant burglarized the [barn], mere suspicion is insufficient to support a conviction." (Citation omitted.) *Willis*, supra, 214 Ga. App. at 660.

There is no evidence in this entirely circumstantial case from which a jury could exclude the very reasonable alternate hypothesis that Parker was dropping off the saw, and therefore we find the evidence was insufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find Parker guilty

beyond a reasonable doubt of burglary. Accordingly, Parker's burglary conviction is reversed.

2. Parker also contends that the circumstantial evidence was not sufficient to sustain his criminal trespass conviction.[1] While the evidence showed that Parker did not have permission to be on the victim's property, a conviction for criminal trespass requires evidence that Parker was on the property for an unlawful purpose.[2] For the same reasons the circumstantial evidence was not sufficient to sustain the burglary conviction, it is also insufficient to sustain a criminal trespass conviction.

Accordingly, Parker's convictions for burglary and criminal trespass must be reversed.

3. Based on the foregoing, Parker's remaining enumerations of error are moot.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 18, 2009 —
RECONSIDERATION DENIED APRIL 8, 2009.

*Robert C. Rutledge*, for appellant.
*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellee.

---

[1] Parker was charged with "unlawfully then and there knowingly and without authority enter[ing] upon the land and premises of another . . . for an unlawful purpose. . . ."

[2] OCGA § 16-7-21.